# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SIMMONS,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>MORGAN STANLEY SMITH BARNEY, LLC,<br><br>　　　　　　　　Defendant. | Case No. 11cv2889-WQH (MDD)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER REGARDING THE DEPOSITION OF RICK SKAE<br><br>[ECF NO. 46] |

　　　Before the Court is Defendant's ex parte motion for a protective order regarding the deposition of Mr. Rick Skae, filed on December 11, 2012. (ECF No. 46). Plaintiff responded in opposition on December 19, 2012. (ECF No. 48). As set forth below, Defendant's motion is **GRANTED**.

<u>Background</u>

　　　For a detailed exposition of the facts, see the Order issued by the Hon. William Q. Hayes on May 24, 2012, granting in part and denying in part Defendant's motion to compel arbitration. (ECF No. 37). As a consequence of that Order, the only claims pending before the Court at this time are Plaintiff's claims for employment discrimination in violation of 42 U.S.C. § 2000e and Cal.Govt.Code § 12940(a). Plaintiff asserts that he was discriminated against by Defendant in his employment due to his membership in the Church of Jesus Christ of Latter Day Saints.

1    The instant dispute stems from a notice of deposition issued by Plaintiff to
2 Defendant for Rick Skae.  Defendant has sought protection on the grounds that Mr.
3 Skae is a member of Defendant's Global Wealth Management Group's Senior
4 Management Team and, as such, is a "highly placed executive."  All four members of
5 the team were noticed; Defendant agreed to produce the other three but asserts that
6 Mr. Skae has no personal knowledge of any facts supporting the remaining claims.
7 (ECF No. 46-1 at 6).  In his declaration, Mr. Skae states that he supervises the
8 Northeast Division of Defendant and that Plaintiff has always served in the southern
9 California region.  (ECF No. 46-2).  He says that he never had responsibility for that
10 region, never had supervisory authority over Plaintiff and did not review or evaluate
11 Plaintiff's performance.  *Id.*  He claims to have had no role regarding Plaintiff's
12 compensation nor termination and has no knowledge of Plaintiff's job performance at
13 Defendant.  *Id.*  Mr. Skae admits that he did work with Plaintiff at a former
14 employer.  *Id.*

15    Plaintiff claims that Mr. Skae supervised Plaintiff at the former employer and
16 assisted in recruiting Plaintiff to Defendant.  According to Plaintiff, Mr. Skae was
17 present at "talent reviews" during which Plaintiff's job performance and ranking were
18 discussed.  Plaintiff primarily relies upon the fact that Defendant issued a third party
19 subpoena to the former employer for records of Plaintiff's performance in claiming
20 that Mr. Skae's deposition testimony may be relevant.

                                    <u>Legal Standard</u>

22    The Federal Rules of Civil Procedure generally allow for broad discovery,
23 authorizing parties to obtain discovery regarding "any nonprivileged matter that is
24 relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Also, "[f]or good
25 cause, the court may order discovery of any matter relevant to the subject matter
26 involved in the action."  *Id.*  Relevant information for discovery purposes includes any
27 information "reasonably calculated to lead to the discovery of admissible evidence,"
28 and need not be admissible at trial to be discoverable.  *Id.*  There is no requirement

1 that the information sought directly relate to a particular issue in the case. Rather,
2 relevance encompasses any matter that "bears on" or could reasonably lead to matter
3 that could bear on, any issue that is or may be presented in the case. *Oppenheimer*
4 *Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978). District courts have broad discretion
5 to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732,
6 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery
7 where the discovery sought is "unreasonably cumulative or duplicative, or can be
8 obtained from some other source that is more convenient, less burdensome, or less
9 expensive." Fed. R. Civ. P. 26(b)(2)(C). Limits also should be imposed where the
10 burden or expense outweighs the likely benefits. *Id.*

### Discussion

#### The Apex Doctrine

13 Courts consistently define apex employees as "high-level corporate executives."
14 *See Apple Inc. v. Samsung Electronics Co., Ltd*, 282 F.R.D. 259, 263 (N.D. Cal. 2012)
15 ("the deposition of a high-level executive (a so-called apex deposition),"); *DR Sys., Inc.*
16 *v. Eastman Kodak Co.*, 2009 WL 2973008 at \*2 (S.D. Cal. Sept. 14, 2009) ("an official
17 at the highest level or apex of a corporation"); *Bank of the Ozarks v. Capital Mortg.*
18 *Corp.*, 2012 WL 2930479 at \*1 (E.D. Ark. July 18, 2012) ("The apex doctrine protects
19 high-level corporate officials . . .").

20 When a party seeks to take the deposition of an official at the highest level or
21 "apex" of a corporation a stricter standard applies to the party seeking discovery, and
22 the court may exercise its authority under the federal rules to limit discovery.
23 Fed.R.Civ.P. 26(b)(1). *See, e.g., Mulvey v. Chrysler Corp.,* 106 F.R.D. 364 (D.C.
24 R.I.1985) (Virtually every court that has addressed deposition notices directed at an
25 official at the highest level or "apex" of corporate management has observed that such
26 discovery creates a tremendous potential for abuse or harassment.). Even when
27 seeking the deposition of an apex official, "it is very unusual 'for a court to prohibit
28 the taking of a deposition altogether absent extraordinary circumstances.'" *Apple*,

1 282 F.R.D. at 263 (quoting *WebSideStory, Inc. v. NetRatings, Inc.*, 2007 WL 1120567
2 at *2 (S.D. Cal. Apr. 6, 2007) ). "When a witness has personal knowledge of facts
3 relevant to the lawsuit, even a corporate president or CEO is subject to deposition. A
4 claimed lack of knowledge, by itself it is insufficient to preclude a deposition." *Id.*

5       When determining whether to allow an apex deposition, courts often consider:
6 (1) whether or not the high-level deponent has unique first-hand, non-repetitive
7 knowledge of the facts at issue in the case and (2) whether the party seeking the
8 deposition has exhausted other less intrusive discovery methods, such as
9 interrogatories and depositions of lower level employees. *See Salter v. Upjohn,* 593
10 F.2d 649, 651 (5th Cir.1979) (granting protective order for executive where plaintiff
11 had sought to depose the president of the company before deposing lower level
12 executives); *Baine v. General Motors Corp.,* 141 F.R.D. 332 (M.D.Ala. 1991) (granting
13 protective order for Vice President of General Motors where plaintiff had failed first
14 to depose lower level employees).

15       Defendant asserts that Mr. Skae is a high level executive lacking in personal
16 knowledge regarding the discrimination claims before the Court. Plaintiff has
17 presented substantial evidence that Mr. Skae has personal knowledge regarding
18 Plaintiff's employment with his former employer and regarding the recruitment of
19 Plaintiff to Defendant. Plaintiff, however, has not presented sufficient evidence that
20 Mr. Skae has any relevant, non-cumulative personal knowledge of the circumstances
21 surrounding the alleged discrimination against Plaintiff or of the circumstances
22 surrounding his termination. In his declaration, Plaintiff claims he regularly
23 socialized and discussed business and work issues with Mr. Skae during his
24 employment with Defendant. (ECF No. 46-2). Significantly, however, Plaintiff does
25 not state that he told Mr. Skae that he believed he was the subject of religious
26 discrimination. Plaintiff asserts that Mr. Skae was present at "talent reviews" when
27 his conduct was discussed by Plaintiff's supervisor but does not suggest how the
28 testimony of Mr. Skae in that regard would be anything but cumulative. *Id.*

1  Plaintiff places substantial reliance on the fact that Defendant issued a third
2 party subpoena to Plaintiff's former employer for records of Plaintiff's employment.
3 Because counsel for Defendant claimed those records to be relevant to this case in
4 communications with counsel for Plaintiff, Plaintiff asserts that Mr. Skae's testimony
5 regarding Plaintiff's former employment also must be relevant.  Plaintiff, apparently,
6 chose not to file any legal challenge to that subpoena.  The relevance of Plaintiff's
7 former employment records to the discrimination claims pending in this Court has
8 not been litigated and is not before this Court.  The fact that Defendant subpoenaed
9 these records without legal challenge does not establish the general relevance of
10 Plaintiff's former employment to the claims and defenses remaining in this case.

## Conclusion

For the foregoing reasons, Defendant's motion for a protective order is **GRANTED**.

IT IS SO ORDERED.

DATED: December 27, 2012

*(signature)*
Hon. Mitchell D. Dembin
U.S. Magistrate Judge