# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SIMMONS,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>MORGAN STANLEY SMITH BARNEY, LLC,<br><br>　　　　　　　　　Defendant. | Case No. 11cv2889-WQH (MDD)<br><br>ORDER DENYING DEFENDANT'S MOTION TO QUASH DEPOSITION SUBPOENA SERVED UPON DAVID FIELDS OR FOR PROTECTIVE ORDER<br><br>[ECF NO. 51] |

Before the Court is Defendant's ex parte motion to quash a deposition subpoena served upon non-party David Fields pursuant to Fed.R.Civ.P. 45. Alternatively, Defendant moves for a protective order. Defendant's motion was filed on January 11, 2013. (ECF No. 51). Plaintiff responded in opposition on January 23, 2013. (ECF No. 56). As set forth below, Defendant's motion is **DENIED**.

## Background

For a detailed exposition of the facts, see the Order issued by the Hon. William Q. Hayes on May 24, 2012, granting in part and denying in part Defendant's motion to compel arbitration. (ECF No. 37). As a consequence of that Order, the only claims pending before the Court at this time are Plaintiff's claims for employment discrimination in violation of 42 U.S.C. § 2000e and Cal.Govt.Code § 12940(a).

Plaintiff asserts that he was discriminated against by Defendant in his employment due to his membership in the Church of Jesus Christ of Latter Day Saints.

## Legal Standard

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Also, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id*. Relevant information for discovery purposes includes any information "reasonably calculated to lead to the discovery of admissible evidence," and need not be admissible at trial to be discoverable. *Id*. There is no requirement that the information sought directly relate to a particular issue in the case. Rather, relevance encompasses any matter that "bears on" or could reasonably lead to a matter that could bear on, any issue that is or may be presented in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978). District courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed.R.Civ.P. 26(b)(2)(C). Limits also should be imposed where the burden or expense outweighs the likely benefits. *Id.*

In addition to relevance, Rule 45 imposes a requirement upon the party or attorney issuing the subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(c)(1). In conducting this analysis, "non-party status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue." *Whitlow v. Martin*, 263 F.R.D. 507, 512 (C.D. Ill. 2009). In *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005), the district court explained that "in the context of evaluating subpoenas issued to third parties, a court 'will give extra consideration to the

objections of a non-party, non-fact witness in weighing burdensomeness versus relevance.'" (citation omitted).

### Discussion

Plaintiff asserts that Mr. Fields possesses relevant information and that requiring him to testify is not overly burdensome. According to Plaintiff, Mr. Fields is a former employee of Defendant and during a two-year period worked directly with Plaintiff's supervisor, Doug Kentfield. According to the declaration filed by Plaintiff's investigator, Mr. Fields stated to the investigator that he heard Mr. Kentfield express negative views regarding religious people and people who abstain from drinking alcohol. (ECF No. 56-2). The religious practice of members of Plaintiff's church includes abstention from alcohol. (*Id.*). Plaintiff asserts that this evidence is relevant regarding Plaintiff's claim of discriminatory intent and Defendant's defense of no improper motive for Plaintiff's termination from employment. (ECF No. 56 at 21).[1]

In response, Defendant asserts that Mr. Fields left Defendant's employ in 2009 and so cannot possess relevant information regarding the events precipitating Plaintiff's termination about one and one half years later. (ECF No. 51-1 at 3). Defendant states that Mr. Fields' employment at Defendant only overlapped with that of the Plaintiff for a few months, that Mr. Fields did not interact with Plaintiff, did not observe interactions between Plaintiff and Mr. Kentfield and has no knowledge of Plaintiff's compensation or separation from employment. (*Id.* at 5-6).

Defendant also challenges the propriety of the deposition subpoena on procedural grounds. Defendant complains that Plaintiff did not previously disclose his intention to have Mr. Fields as a witness. (*Id.* at 4-5). And, although the parties did meet and confer, Defendant asserts that Plaintiff refused to provide its rationale for believing that Mr. Fields has relevant information prompting the filing of the

---

[1] For convenience, the Court will use the page numbering supplied by the ECF system, rather than the original page numbering of the cited document.

1 instant motion. (*Id.* at 6).

2 First, on the merits, the Court finds that Mr. Fields may have relevant
3 information about the motivations of Plaintiff's supervisor, Mr. Kentfield, regarding
4 the termination of Plaintiff. The Court finds that the potential relevance of the
5 information outweighs the burden on Mr. Fields of having to be deposed.

6 Second, regarding the procedural issues raised, the Court accepts Plaintiff's
7 explanation that he only recently became aware that Mr. Fields may have relevant
8 information and with the close of discovery imminent issued the subpoena without
9 prior notice to Defendant and without amending his required disclosures under
10 Fed.R.Civ.P. 26(a)(1). The Court understands Defendant's frustration but finds that
11 Defendant is not prejudiced.

12 Of greater concern to the Court is Defendant's allegation that Plaintiff refused
13 to proffer its basis for believing Mr. Fields to have relevant information during meet
14 and confer sessions prompting the filing of this motion. Defendant's allegation finds
15 support in the declaration of Plaintiff's counsel in which he states:

16 "On the other hand, we assured Defense counsel that we anticipate that Fields would provide relevant testimony related directly to Plaintiff's
17 discrimination allegations."

18 (ECF No. 56-1 at ¶11). Absent extraordinary circumstances, in meeting and
19 conferring regarding a disputed witness, it is insufficient and improper for a party
20 merely to state the party's conclusion that the witness has relevant information and
21 expect that to carry the day. Counsel should have provided a sufficient proffer for
22 Defendant to make a reasoned judgment whether to fight or concede. The
23 consequence of this apparently inappropriate gamesmanship is that both parties
24 incurred potentially unnecessary expense and the Court was burdened with resolving
25 a dispute that could have been avoided.

26 Had Defendant requested it, the Court would have considered issuing an order
27 to show cause why Plaintiff's counsel should not be sanctioned for not participating
28 meaningfully in the meet and confer regarding Mr. Fields' deposition. Although the

1  Court could act on its own accord, it declines to do so at this time.  Plaintiff's counsel
2  should tread carefully regarding further meet and confer sessions.

### Conclusion

For the foregoing reasons, Defendant's motion to quash or for a protective order is **DENIED**.   The deposition of Mr. Fields must occur no later than February 8, 2013, absent agreement of the parties or further order of the Court.

IT IS SO ORDERED.

DATED: January 25, 2013

                                               Hon.  Mitchell D.  Dembin
                                               U.S. Magistrate Judge