# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SIMMONS,<br><br>   Plaintiff,<br><br>vs.<br><br><br>MORGAN STANLEY SMITH BARNEY, LLC,<br><br>   Defendant. | Case No. 11cv2889-WQH (MDD)<br><br>ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL PRODUCTION OF PLAINTIFF'S INVESTIGATOR'S REPORTS<br><br>[ECF NO. 58] |

Before the Court is the joint motion of the parties to determine a discovery dispute. The motion was filed February 25, 2013, and is predicated upon Defendant's belief that Plaintiff must produce reports of witness interviews prepared by his investigator. (ECF No. 58). Plaintiff asserts that his investigator's reports are protected from disclosure as work-product. Defendant claims that any such protection has been waived. (*See id.*) The Court held a hearing on the motion on March 5, 2013. For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART**.

## Background

For a detailed exposition of the background facts of this litigation, see the Order issued by the Hon. William Q. Hayes on May 24, 2012, granting in part and denying in part Defendant's motion to compel arbitration. (ECF No. 37). As a consequence of that Order, the only claims pending before the Court at this time are Plaintiff's claims for employment discrimination in violation of 42 U.S.C. § 2000e and Cal.Govt.Code § 12940(a). Plaintiff asserts that he was discriminated against by Defendant in his employment based upon his membership in the Church of Jesus Christ of Latter Day Saints.

## Legal Standard

The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing parties to obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). Ordinarily, however, "a party may not discover documents . . . that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed.R.Civ.P. 26(b)(3).

The work product doctrine does not protect facts from discovery. "[B]ecause the work product doctrine is intended only to guard against the divulging of attorney's strategies and legal impressions, it does not protect facts concerning the creation of work product or *facts contained within the work product*." *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003)(citations omitted). "Only when a party seeking discovery attempts to ascertain facts, *'which inherently reveal the attorney's mental impression,'* does the work product protection extend to the underlying facts." *Id.* Consequently, the identity of witnesses interviewed can reveal "which witnesses counsel considers important, revealing mental impressions and trial strategy.'" *Plumbers &*

*Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc.*, 2005 U.S. Dist. LEXIS 43648, *16 (N.D. Cal. 2005), *quoting In re MTI Tech. Corp. Sec. Litig. II*, 2002 U.S. Dist. LEXIS 13015, *8 (C.D. Cal. 2002); *Gen-Probe v. Becton, Dickinson & Co.*, 2011 U.S. Dist. LEXIS 27961, *7 (S.D. Cal. 2011) (Stormes, J.) (denying request to produce supplemental contact information for witnesses because it "would transform the information from the type where the identity of witnesses interviewed is not disclosed into the type where such disclosure can be inferred"); *In re Ashworth, Inc. Securities Litigation*, 213 F.R.D. 385 (S.D. Cal. 2002) (work product privilege protected information as to whether investigator had interviewed a particular witness).

<u>Discussion</u>

This dispute initially arose as a consequence of another discovery dispute. On January 11, 2013, Defendant moved to quash a deposition subpoena served by Plaintiff upon David Fields. (ECF No. 51). In connection with his response, Plaintiff submitted the declaration of Arnold Botts, an investigator employed by Plaintiff's attorneys in connection with this case. (ECF No. 56-2). In his declaration, Mr. Botts relayed the substance of an interview he conducted with Mr. Fields to support Plaintiff's claim that Mr. Fields could provide relevant testimony. The same declaration also contains a single three-sentence paragraph reporting information attributed to other, unnamed witnesses. Apart from the declaration, statements allegedly made to Mr. Botts by another witness, Susan Dixon, were used by Plaintiff in cross-examining her.

Defendant asserts that any work-product protection that attended to any witness reports prepared by Mr. Botts in connection with this case has been waived. Plaintiff disagrees but has offered to produce the

1 reports of Mr. Botts' interviews with Mr. Fields and Ms. Dixon.

2 Work product protection is waived with respect to matters used in
3 testimony. *Hernandez v. Tanninen,* 604 F.3d 1095, 1100 (9th Cir. 2010),
4 *citing United States v. Nobles,* 422 U.S. 225, 239-240 (1975). The Botts
5 declaration was filed by Plaintiff in response to a motion to quash
6 brought on behalf of Mr. Fields. Plaintiff argues that this disclosure was
7 compelled when Defendant sought to quash the deposition subpoena for
8 Mr. Fields. Plaintiff contends this limited disclosure, for the purpose of
9 opposing a motion, should not be used as a basis for waiver. On the
10 other hand, as noted by the Court in its ruling on the Fields dispute, the
11 Fields dispute may have been prompted by Plaintiff's counsel. (*See* ECF
12 No. 57 at 4-5). Plaintiff's counsel, at the hearing on this motion,
13 reiterated his offer to produce the report of Mr. Botts regarding his
14 interview of Mr. Fields to Defendant. The Court finds that production of
15 that report is justified and **ORDERS** Plaintiff to produce the report of
16 Mr. Botts' interview with Mr. Fields.

17 The issue regarding using statements allegedly made to Mr. Botts
18 to cross-examine Ms. Dixon poses a thornier issue regarding whether the
19 use of those statements is "testimonial." As Plaintiff generously has
20 offered to produce the report of Mr. Botts' interview of Ms. Dixon, the
21 Court will not reach that issue but endorses the decision to produce the
22 report.

23 In paragraph 8 of his declaration submitted in connection with the
24 Fields dispute, Mr. Botts said:

> Other witnesses I have interviewed have indicated that Mr. Simmons uniformly refused to drink alcoholic beverages; as such use is violitive [sic] of a basic tenant [sic] of his Mormon religion. I have also learned that his abstinence was a constant source of tension with Mr. Kentfield, his direct supervisor. I have also learned that Mr. Kentfield made disparaging comments directly to Mr. Simmons about his religion.

(ECF. No. 56-2). Defendant asserts that any reports of Mr. Botts' interviews with these unnamed witnesses is now subject to disclosure.

The Botts declaration, which was relied upon by the Court in ruling upon the Fields dispute contained three paragraphs reporting statements allegedly made to Mr. Botts by Mr. Fields. (*Id.* at ¶¶ 5-7). Paragraph 8, by contrast, appears to have been included to provide some corroboration for statements allegedly made by Mr. Fields. The Court is loathe to find that work product protection is completely waived based upon these conclusory statements which were of negligible value in deciding the motion.

As to the first sentence, the Court finds that whether or not witnesses believe that Plaintiff does or does not consume alcohol is not relevant. The identity of those witnesses and their statements need not be disclosed. Sentence two reports that Mr. Botts "learned" that Plaintiff's abstinence was a source of tension between him and his supervisor. It may be relevant to Plaintiff's claim of religious discrimination that his religion-based abstinence was a source of friction with his supervisor. In sentence three, Mr. Botts reported that he "learned" that Mr. Kentfield made disparaging comments directly to Plaintiff about his religion.

The Court finds that Mr. Botts' statements in sentences two and three of paragraph 8 are testimonial and may qualify as a limited waiver. Rather than require the production of the identity or statements of these witnesses, which is more invasive than the Court believes necessary under the circumstances, the Court instead **ORDERS** that Plaintiff is **PRECLUDED** from presenting any testimony from any witness relied upon by Mr. Botts in sentences two and three unless the witness has been disclosed in conformance with Fed.R.Civ.P. Rule 26(a)(1)(A)(i).

To the extent that Defendant asserts that all protection has been waived for all of Mr. Botts' reports, the Court rejects that view and finds to the contrary.

## Conclusion

For the foregoing reasons, Defendant's motion to compel production of the reports of Mr. Botts is **GRANTED IN PART AND DENIED IN PART**. The reports of interviews by Mr. Botts of Mr. Fields and Ms. Dixon are to be produced to Defendant within ten days of the filing of this Order. To the extent that Plaintiff must amend his disclosures under Rule 26(a)(1)(A)(i), such amendments also must be made within ten days of the filing of this Order. *See* Rule 26(e)(1)(B).

IT IS SO ORDERED.

DATED: March 8, 2013

Hon. Mitchell D. Dembin
U.S. Magistrate Judge