UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SIMMONS,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>MORGAN STANLEY SMITH BARNEY, LLC,<br><br>　　　　　　　　Defendant. | Case No. 11cv2889-WQH (MDD)<br><br>ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE: GRANTING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF PLAINTIFF'S "PROJECT FLEMING" DOCUMENT<br><br>[ECF NO. 59] |

Before the Court is the joint motion of the parties to determine a discovery dispute. The motion was filed February 25, 2013. The dispute centers upon a document referred to as the "Project Fleming" document which was produced in discovery by Plaintiff. The document was used in the deposition of Plaintiff and although initially stating that he prepared the document for himself, Plaintiff later stated that he thought it was privileged. Defendant challenges the assertion of privilege for this document and asserts that even if it was privileged, the privilege has been waived. Plaintiff asserts that the document is privileged and there has been no waiver. (ECF No. 59). The Court held a hearing on the motion on March 5, 2013. For the following reasons, Defendant's motion

is **GRANTED**.

## Background

For a detailed exposition of the background facts of this litigation, see the Order issued by the Hon. William Q. Hayes on May 24, 2012, granting in part and denying in part Defendant's motion to compel arbitration. (ECF No. 37). As a consequence of that Order, the only claims pending before the Court at this time are Plaintiff's claims for employment discrimination in violation of 42 U.S.C. § 2000e and Cal.Govt.Code § 12940(a). Plaintiff asserts that he was discriminated against by Defendant in his employment due to his membership in the Church of Jesus Christ of Latter Day Saints.

## Legal Standard

It is axiomatic that a party asserting the attorney-client privilege has the burden of establishing the existence of the attorney-client relationship and the privileged nature of the communication. *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010). A court is to construe the privilege strictly, as it "impedes full and free discovery of the truth." *Id.* (citations omitted). The party asserting privilege bears the burden of satisfying this eight-part test:

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*Id.* (citation omitted).

A disclosure of a communication protected by the attorney-client privilege in a federal proceeding does not constitute a waiver of the privilege if the disclosure is inadvertent; the holder of the privilege took reasonable steps to prevent disclosure; and the holder of the privilege took reasonable steps to rectify the error including following Federal

Rule of Civil Procedure 26(b)(5)(B). Fed.R.Ev. 502(b).

## Discussion

The Project Fleming document consists of two handwritten pages. It has been received and reviewed by the Court *in camera*. There is nothing in the contents of the document that suggests that it was prepared in connection with the receipt of legal advice.

The Project Fleming document was provided by Plaintiff to Defendant on December 19, 2012, in response to discovery requests. (ECF No. 59 at 5[1]). On January 14, 2013, Plaintiff was deposed by Defendant. (ECF No. 59-2). The document was presented to Plaintiff who identified the handwriting as his own, said that he created it to make note of his concerns and that he wrote it for himself. (*Id.* at 63). For the next approximately six minutes, covering four pages of transcript Plaintiff answered approximately 30 questions about the document. (*Id.* at 64-67). Counsel for Defendant then re-asked Plaintiff whether he created the document "solely for himself and not for any other purpose?" This time, Plaintiff answered, "An attorney. I thought this was attorney-client protected." (*Id.* at 67-68). In follow-up questioning, Plaintiff admitted that at the time he created the document he had not retained an attorney and had not yet been terminated from employment. (*Id.* at 68-69). Counsel for Plaintiff refused to let Plaintiff answer any further questions about the document including the critical foundational question of whether he had prepared it at the request of an attorney. (*Id.* at 69-70). In a letter to Defendant on February 7, 2013, Plaintiff confirmed the assertion of privilege regarding this document and sought its return. (ECF No. 59-3).

---

[1] The Court will use the page numbering supplied by ECF throughout rather than the original page numbering of the original document.

In connection with the instant dispute, Plaintiff filed a declaration in which he stated that he met with his supervisor on or about February 16, 2011, and was concerned that he might be terminated from employment. (ECF No. 59-4). Plaintiff claims that

> "shortly after that meeting I contacted an attorney with whom I had a many year relationship to assist me with work place issues. I personally prepared [the Project Fleming] document to assist my attorney with these issues."

(*Id.*). Plaintiff concedes that he delivered the document to his current attorneys without identifying it as potentially privileged. (*Id.*). Counsel for Plaintiff confirms that he was not aware that the document may be privileged until Plaintiff said so at his deposition. (ECF No. 59-3).

The Court finds that Plaintiff has not demonstrated that the Project Fleming document is privileged. Plaintiff does not state unequivocally that he prepared this document either while engaged with an attorney, regardless of whether or not the attorney was retained, or at the request of the attorney. The attorney is not identified nor the date of the contact between Plaintiff and the attorney. Considering that the privilege is to be strictly construed, this showing is insufficient. *United States v. Graf,* 610 F.3d at 1156.

Even if privileged, the Court finds that privilege was waived. Plaintiff, as the holder of the privilege, produced it to his counsel without taking any efforts to identify it as privileged. Plaintiff answered 30 questions about the document before asserting privilege and, in finally asserting privilege, gave an answer completely contrary about the creation of the document than he gave prior to being asked in depth about the document. Finally, it was not until another approximately three weeks had passed before counsel for Plaintiff acted to protect the document under Fed.R.Civ.P. 26(b)(5)(B). Specifically, the Court finds that Plaintiff did not take reasonable steps to prevent disclosure nor to

rectify the error as required by Fed.R.Ev. 502(b).

## Conclusion

For the foregoing reasons, Defendant's motion to compel production of the "Project Fleming" document is **GRANTED**. Defendant may retain and make use of the document consistent with law.

IT IS SO ORDERED.

DATED: March 8, 2013

*Mitchell D. Dembin* (signature)
Hon. Mitchell D. Dembin
U.S. Magistrate Judge