# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SIMMONS,<br><br>　　　　　　　　　　Plaintiff,<br>　vs.<br><br>MORGAN STANLEY SMITH BARNEY, LLC,<br><br>　　　　　　　　　　Defendant. | Case No. 11cv2889-WQH (MDD)<br><br>ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING PROTECTIVE ORDER<br><br>[ECF NO. 71] |

Before the Court is the joint motion of the parties to determine a discovery dispute regarding a proposed protective order. The motion was filed on March 20, 2013. (ECF No. 71). Although the parties have agreed to most of the terms in their proposed protective order (*see* ECF No. 71-1), Plaintiff seeks to have the protective order apply to the companion arbitration proceeding before the Financial Industry Regulatory Authority ("FINRA"). Defendant opposes. Defendant seeks to have persons shown documents delineated as confidential pursuant to the protective order confirm that they will maintain the confidentiality of such documents even if they were the originator, author or a recipient of the document. Plaintiff opposes. The Court believes that there is sufficient information present for the Court to decide the dispute without

a hearing.

## Background

The instant case began in September 2011 when the Defendant commenced an arbitration proceeding before FINRA alleging breach of contract by Plaintiff. (ECF No. 71 at 3). Defendant alleged that Plaintiff owed Defendant monies purportedly loaned to Plaintiff during his employment. (*Id.*). On December 1, 2011, Plaintiff commenced suit in California Superior Court in San Diego against Defendant alleging claims for fraud, breach of contract and discrimination. (*Id.*). That action was removed to this Court by Defendant on December 12, 2011. (ECF No. 1). On May 24, 2012, the Hon. William Q. Hayes of this Court granted in part and denied in part Defendant's motion to compel arbitration of the entire action. (ECF No. 37). All but Plaintiff's claims for employment discrimination in violation of 42 U.S.C. § 2000e and Cal.Govt.Code § 12940(a) were compelled to arbitration before FINRA. (*Id.*). In the claim remaining in this Court, Plaintiff asserts that he was discriminated against by Defendant in his employment based upon his membership in the Church of Jesus Christ of Latter Day Saints.

## Discussion

Fed.R.Civ.P. 26(c)(1) authorizes the court to issue protective orders, based upon good cause, to protect a party, among other things, from undue burden or expense. Rule 26(c)(1)(G) specifically provides that the court may enter appropriate orders regarding discovery or disclosure of confidential information.

The proposed protective order expressly provides that it is intended to protect the confidentiality of certain information. (ECF No. 71-1 at 1). The protective order allows for each party to designate material as confidential and provides for restrictions on the disclosure of material so

designated. (*Id.* at 2-6). The protective order also provides a procedure for recovering inadvertently disclosed material subject to the attorney-client privilege. (*Id.* at 6-7).

<u>Availability of Documents Produced for Use in FINRA</u>

Plaintiff wants the protective order to allow for the use in the companion FINRA arbitration proceedings of materials produced pursuant to the proposed protective order in this case. Plaintiff argues that allowing these materials to be available in the FINRA action will "prevent the needless duplication of identical discovery efforts, would save the parties tens of thousands of dollars in attorney fees and litigation costs, and would foster judicial economy and efficiency." (ECF No. 71 at 11).

Defendant argues that this Court lacks jurisdiction to order that discovery produced pursuant to the protective order be available for use before FINRA. Defendant claims that much of the information produced in connection with the pending litigation before this Court is irrelevant in the FINRA action. Defendant asserts that there is no prejudice to Plaintiff in requiring Plaintiff to abide by FINRA discovery rules. (*Id.* at 7-9).

At the outset, the Court is comfortable that it can issue discovery orders that may impact other litigation. For example, Fed.R.Evid. 502(d) provides that a federal court may order that any disclosure of privileged or work-product protected information in connection with litigation before the court does not constitute a waiver of the privilege or protection before it or in any other federal or state proceeding.

The Court otherwise finds Defendant's position puzzling. Allowing information produced pursuant to this protective order to be available for use in the FINRA proceeding is not a finding that any particular

document or testimony is relevant or admissible in that proceeding. All it does is limit the necessity for Plaintiff to propound new discovery requests for potentially identical information, limits the need for Defendant to reproduce materials that may have been supplied earlier and potentially dispenses with the need for another protective order for this information before FINRA.

The Court finds good cause for the proposed protective order to allow that materials produced for this litigation be available for use in the companion FINRA proceeding. Each party may draw from the pool of material produced for use before FINRA. This does not mean that either side may use the discovery processes of this Court to obtain information relevant only in FINRA. Nor does it mean that the parties are prohibited from seeking additional information relevant in the FINRA action using FINRA discovery procedures.

By granting Plaintiff's request, the Court cannot discern how it would be directing, controlling or interfering with the FINRA arbitration proceeding. Determining the extent to which information produced pursuant to this Court's protective order may be used certainly is within this Court's jurisdiction and discretion. The only impact on FINRA may be salutary as it may limit the need for duplicative discovery requests and productions.

<u>Protecting Disclosures of Confidential Information</u>

The proposed protective order provides that confidential information may be shown to independent experts, witnesses and mediators only if they sign a confidentiality agreement the terms of which have been stipulated by the parties. (ECF No. 71-1 at 4-5). Plaintiff proposes that confidential material may be shown to the originator, author or recipient of a copy of the document without

requiring those persons to sign the confidentiality agreement.  (*Id.* at p. 4 ¶9).  Defendant wants these persons, mostly former employees of Defendant, to have to sign the stipulated confidentiality agreement.

Plaintiff argues that these persons likely are bound by confidentiality agreements imposed during their employment and upon their separation from Defendant.  For those persons, Plaintiff claims that those confidentiality agreements continue to bind them and there is no need for another.  For persons who had previous contacts with this material without confidentiality, Plaintiff argues that imposing a confidentiality clause now may be unenforceable as these persons were free to disclose this information earlier.  Plaintiff also points to this Court's model rules which do not suggest that a separate confidentiality agreement is necessary for persons who authored or received documents.  Consequently, Plaintiff states that good cause is lacking.

Defendant claims that many of these individuals are now employed with competitors, may not remember the details of these materials and asserts that the need for continued confidentiality must be impressed upon them.

The Court finds that Plaintiff has the better argument.  Persons already bound by a confidentiality agreement need not sign a new one; they may be reminded of their obligations during their testimony.  The Court finds that to impose a confidentiality obligation now upon originators, authors or recipients of a copy of the material not previously subject to a confidentiality agreement would  create confusion and lead to disputes.  According, the Court finds that good cause is lacking to include Defendant's proposed language in disputed paragraph 9 of the proposed protective order.

## Conclusion

Plaintiff's proposed amendments to the proposed protective order are **GRANTED**. Defendant's proposed amendment to the protective order is **DENIED**. A copy of the conformed protective order is attached.

IT IS SO ORDERED.

DATED: March 22, 2013

Hon. Mitchell D. Dembin
U.S. Magistrate Judge