1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  JOHN SIMMONS                                 CASE NO. 11cv2889 WQH-
                                                 MDD
12                               Plaintiff,
         vs.                                     **ORDER**
13  MORGAN STANLEY SMITH
14  BARNEY, LLC; DOES 1 through 50,
    inclusive,
15  _____
                                 Defendants.
16  HAYES, Judge:

17       The matters before the Court are certain motions in limine filed by Defendant

18  Morgan Stanley Smith Barney, LLC and Plaintiff John Simmons.

19                          **BACKGROUND FACTS**

20       On December 1, 2011, Plaintiff John Simmons ("Simmons") initiated this action

21  in San Diego Superior Court with a Complaint against Defendant Morgan Stanley

22  Smith Barney, LLC ("MSSB") – his former employer.  (ECF No. 1-1).  Simmons

23  alleges that Defendant unequally compensated him and ultimately fired him on account

24  of his Mormon religion.  The Complaint contains statutory claims for discrimination

25  pursuant to California Government Code section 12940(a) ("FEHA") and 42 U.S.C. §

26  2000e ("Title VII"), and non-statutory claims for fraud, wrongful termination in

27  violation of public policy, and breach of contract.  On December 12, 2011, Defendant

28  removed the action to this Court.

In the Complaint, Plaintiff alleged in part:

> Defendant's unjustified termination of the Plaintiff and failure to pay him the promised signing bonuses, stock, and payment of his moving expenses, and failure to provide equal pay for equal work constitutes disparate treatment in that it was based on the fact that Plaintiff is a member of the Church of Jesus Christ of Latter Day Saints. ...
>
> At all times herein employees of the Defendant made remarks to Plaintiff regarding his religious beliefs.   These remarks included references to multiple wives, polygamy, and the fact that Plaintiff was a teetotaler as dictated by his religion.   On information and belief, supervisorial employees including but not limited to Mr. Kentfield participated in, were aware of, condoned, and ratified the disparaging behavior committed by the aforesaid employees.

(ECF No. 1-1 at 5).

On May 24, 2012, the Court granted in part a motion filed by Defendant to compel arbitration of Simmons' claims. (ECF No. 37).  The Court granted Defendant's motion to compel arbitration as to the non-statutory claims, and declined to compel arbitration of the claims for discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq and California Code § 12940(a).  (ECF No. 37).

On July 25, 2013, this Court entered an Order denying Defendant's motion for summary judgment on Plaintiff's claims pursuant to Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e et seq. and California Code § 12940(a).  (ECF No. 100).  This Court concluded that Plaintiff had come forward with sufficient evidence to establish a prima facie case; that Defendant had sufficiently articulated facially nondiscriminatory reasons for Plaintiff's compensation and termination; and that Plaintiff had provided direct evidence creating an issue of fact as to whether a discriminatory reason more likely motivated Defendant.

Trial is set to commence before a Jury on March 11, 2014 on Plaintiff's claims that Defendant unlawfully discriminated against him in violation of Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e et seq and California Code § 12940(a).

## RULINGS OF THE COURT

**Defendant's Motion in Limine No. 2 to Exclude Improper Witnesses Under FRE 402, 403, and 803, and FRCP 45** (ECF No. 107)

Defendant moves the Court for an order excluding certain witnesses listed on

Plaintiff's witness list on the grounds that (1) the testimony would be irrelevant, hearsay, cumulative and (2) that the witnesses are beyond the subpoena power of the court. Plaintiff asserts that the listed witnesses will provide relevant and material testimony, based upon personal knowledge and that these witnesses could be called for impeachment purposes.

Defendant's Motion in Limine No. 2 to Exclude Improper Witnesses Under FRE 402, 403, and 803, and FRCP 45 (ECF No. 107) is denied without prejudice to renew at the presentation of evidence.

**Defendant's Motion in Limine No. 3 to Preclude Testimony Regarding Jim Tracy's Alleged Statements About Douglas Kentfield** (ECF No. 108)

Defendant moves the Court for an order "preluding Plaintiff John Simmons from offering any testimony regarding statements that Jim Tracy, an MSSB executive, allegedly made to Simmons about Douglas Kentfield, Simmons' former supervisor at MSSB [and] any testimony by Simmons regarding the alleged reaction of Rick Skae, another MSSB executive, to being told of Tracy's supposed statements." (ECF No. 108 at 2). Defendant asserts that the testimony is inadmissible hearsay, lacks foundation, and expresses an improper lay opinion. Defendant asserts that Plaintiff's testimony regarding alleged statements by Tracy and Skae cannot be offered as character evidence to prove discrimination; that any testimony about Tracy's alleged views on Mormons would be irrelevant; and that Plaintiff's testimony regarding alleged statements made to Plaintiff by Tracy and Skae about Kentfield's attitude towards Mormons should be excluded pursuant to Federal Rule of Evidence 403.

Plaintiff contends that his testimony regarding statements made to him by Defendant's employees is not inadmissible hearsay, or improper lay opinion. Plaintiff contends that the statements made to him by Tracy and Skae are admissible under FRE 801(d)(2)(D) as party employee admissions. Plaintiff asserts that Tracy and Skae are high level corporate officers of the Defendant who worked closely with Kentfield in making employment decisions regarding other high level employees. Plaintiff contends

that statements made by Tracy and Skae, high level executives, regarding Kentfield's attitude and behavior toward Plaintiff are well within the relevant scope of agency of these executive employees under Fed. R. Evid. 801(d)(2)(D). Plaintiff further contends that these comments made directly to Plaintiff by high level corporate officers are evidence that corporate executives were aware of the discriminatory environment and took no steps to remedy the discrimination.

Defendant contends, in reply, that Plaintiff cannot establish that the alleged statements concerned matters within the scope of the employment of Tracy or Skae. Defendant asserts that Tracy and Skae had nothing to do with supervising Plaintiff's work performance.

Plaintiff's testimony regarding conversation with Tracy

Plaintiff seeks to offer his testimony that Plaintiff and Tracy were seated together at a work dinner at a restaurant in Santa Monica in 2010. Tracy was chief operating officer to Kentfield's supervisor and very good friends with Kentfield. Simmons seeks to testify Tracy said "Oh my God are you a mormon? I said yes. And he said what a disaster. My father-in law is a Mormon. It is a disaster. Does Doug know you're a Mormon? I said yes. He said, well, I'll bet he didn't when he hired you."   (ECF No. 108-3 at 14). Simmons further seeks to testify that Tracy went on about how much he despised his father-in law and how the Mormon religion complicated his marriage.

Federal Rule of Evidence 801(d) provides in relevant part:

Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:
(2) An Opposing Party's Statement. The statement is offered against an opposing party and:
. . .
(D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed;
The statement must be considered but does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D); or the existence of the conspiracy or participation in it under (E).

Fed. R. Evid. Rule 801(d)(2)(D). The Court concludes that the record in this case is not sufficient prior to trial to determine that the statements did not relate to a matter within

the scope of the employee's agency.  In addition, the record is not sufficient to establish that this testimony is not evidence relevant under Fed. R. Evid. 401 to show pretext or disprove Defendant's advanced legitimate reason for Plaintiff's termination.

Based upon the record,  Defendant's motion to prelude Plaintiff Simmons from offering any testimony regarding statements that Jim Tracy allegedly made to Simmons about Douglas Kentfield is denied at this stage in the proceedings.  The Court will determine at the time of trial what portion, if any, of Plaintiff's testimony regarding statements allegedly made to Simmons by Jim Tracy are admissible based upon the foundation offered to support the statements and the relevance at the time of the testimony.  Plaintiff shall seek leave of Court, outside the presence of the jury, prior to offering this testimony at trial.

Plaintiff's testimony regarding conversation with Richard Skae

Plaintiff seeks to testify that he told Skae, another MSSB executive, about his conversation with Tracy and Skae stated, "Now it all makes sense ...  he had felt that Doug had had disdain for me that he didn't understand and he went, oh.  Now it all makes sense."  (ECF No. 108-3 at 16-17).  The Court concludes that the record in this case is not sufficient prior to trial to determine that the statements are not admissible under Rule 801(d)(2)(D).  The record is further not sufficient to establish that this testimony is not evidence relevant under Fed. R. Evid. 401 to show pretext or disprove Defendant's advanced legitimate reason for Plaintiff's termination.

Based upon the record,  Defendant's motion to prelude Plaintiff's testimony regarding conversations with Skae is denied at this stage in the proceedings.  The Court will determine at the time of trial what, if any, of Plaintiff's testimony regarding statements allegedly made to Simmons by Skae are admissible based upon the foundation offered to support the statements and the relevance at the time of the testimony.  Plaintiff shall seek leave of Court, outside the presence of the jury, prior to offering this testimony at trial.  In the event that the Court does not allow Plaintiff's testimony regarding statements made to him by Skae, Plaintiff is not precluded from

calling Skae as a witness.  Defendant shall make Skae available for deposition prior to his testimony at a time and place convenient to counsel for Plaintiff.

**Defendant's Motion in Limine No. 4 to Preclude Testimony of David Fields** (ECF No. 109)

Defendant moves the Court for an order to preclude testimony from David Fields regarding testimony that on one occasion in 2001 or 2002 he had an after work conversation with Kentfield in which Kentfield said "I don't trust people who don't drink... Well, it either means you had a drinking problem and couldn't control it, or it meant that you were overly religious. And those 'holier than thou's,' I don't trust them. They're the first ones to fuck ya." (ECF No. 109-3 at 15).  Defendant further moves to preclude Fields from testifying about an incident in which Fields felt that Kentfield did not hire a job candidate because the candidate refused to drink.  Defendant contends that the proffered testimony is not relevant to the religious discrimination claims, should be excluded pursuant to Rule 403 as a stray remark, and constitutes inadmissible character evidence, inadmissible hearsay, and improper lay opinion.  Defendant contends that remarks allegedly made over a decade ago to a former employee of Defendant are stray remarks that should be precluded.

Plaintiff contends that the direct statements by Kentfield to Fields are relevant to show discriminatory motive and to impeach Defendant's allegedly nondiscriminatory reason for Plaintiff's termination.  Plaintiff contends that the direct statements by Kentfield to Fields are indirect evidence of pretext because Kentfield's state of mind is of central importance in this case.  Plaintiff contends that the remarks made by Kentfield, Plaintiff's former supervisor, to one of Kentfield's sales representatives is overall evidence of Kentfield's discriminatory intent and corroborates more recent evidence of pretext.

The Court concludes that the record in this case is not sufficient to preclude this testimony on the grounds that it is not relevant under Fed. R. Evid. 401 to show pretext or disprove Defendant's advanced legitimate reason.  Based upon the record,

Defendant's motion to prelude the testimony of Fields is denied.  The Court will determine at the time of trial what portion, if any, of the testimony of Fields is admissible based upon the foundation offered to support the statements and the relevance at the time of the testimony.  Plaintiff shall seek leave of Court, outside the presence of the jury, prior to offering this testimony at trial.

**Defendant's Motion in Limine No. 5 to Preclude Ad Hominem Attacks** (ECF No. 111)

Defendant's Motion in Limine No. 5 to Preclude Ad Hominem Attacks  (ECF No.111) is overbroad and denied without prejudice and with leave to object to any comment or question at the presentation of evidence.

**Defendant's Motion in Limine No. 6 to Preclude Litigation or Re-Litigation of Issues Submitted to Arbitration**  (ECF No. 112)

Defendant moves the Court for an order precluding Plaintiff

> from trying before the jury any and all compensation and benefits claims predicated upon his offer and acceptance of employment with [Defendant], upon the promissory notes and bonus agreements entered into by him on February 29, 2008 and May 9, 2009, or upon any developments during the employment relationship with respect to compensation or benefits.

(ECF No. 112 at 2).  Defendant contends that these issues were litigated or could have been litigated in the arbitration between the parties and that re-litigation is barred by res judicata and collateral estoppel.  Defendant asserts that Plaintiff is free to argue that his termination was wrongful and in violation of state and federal discrimination statutes but that Plaintiff is precluded from seeking economic damages as a result of these violations.  Defendant asserts that "any economic damages flowing from his alleged wrongful termination (regardless of the type of wrongfulness) were previously litigated and determined in arbitration." (ECF No. 173 at 4).  At the hearing on oral argument, Defendant further asserted that Plaintiff is precluded from litigating any claim in this action on the grounds that Plaintiff's Complaint included a common law wrongful discharge claim under state law and that Plaintiff failed to litigate this claim at the arbitration.  Because Plaintiff could have litigated the common law wrongful discharge

claim under state law in the arbitration but did not present this claim to the arbitration panel, Defendant contends that the statutory discrimination claims in this case are barred by collateral estoppel.

Plaintiff contends that the FINRA Arbitration has no preclusive effect on his statutory discrimination claims. Plaintiff contends that he is not attempting to recover the moneys owed to him under contracts with the Defendant in this case. Plaintiff asserts that res judicata and collateral estoppel cannot preclude any recovery in this case because the claim of religious discrimination was not and could not have been litigated in the arbitration. Plaintiff further asserts that he "is not attempting to recover the same damages twice." (ECF No. 157 at 14). Plaintiff contends that the issues of termination in the arbitration were limited to moneys owed under the contracts as distinct from statutory damages owed as a result of unlawful discrimination.

On May 24, 2012, this Court concluded "that the arbitration provisions in the February 29, 2008 and May 8, 2009 Promissory Notes and Bonus Agreements are enforceable." (ECF No. 37 at 20). The Court stated in part:

> Plaintiff's first claim for violation of Cal. Govt. Code section 12940(a) and second claim for violation of 42 U.S.C. § 2000e (Title VII) are not subject to arbitration; however, Plaintiff's third claim for wrongful termination in violation of public policy, fourth claim for fraud, fifth claim for breach of contract, and sixth claim for a 'request for temporary restraining order, preliminary, and permanent injunction' are subject to the arbitration provisions in the February 29, 2008 and May 8, 2009 Promissory Notes and Bonus Agreements.

(ECF No. 37 at 21). The parties engaged in arbitration as ordered by this Court and no claim that Defendant's termination of Plaintiff's employment was motivated by religious discrimination was presented in the arbitration.

The "Award FINRA Dispute Resolution" dated November 19, 2013 states:

> In the Statement of Claim, MSSB and MSSB FA Notes asserted a cause of action: breach of promissory notes dated February 29, 2008 (Note 1) and May 1, 2009 (Note 2). . . .
> In his Counterclaim, Simmons asserted the following causes of action: fraud and breach of contract.

(ECF No. 112-3 at 452). The Arbitration award describes the relief requested by Defendant as follows: "principal outstanding" and "interest accrued" on Note 1 and

Note 2; "cost of collection", and "Such other and further relief as the Panel deems appropriate." *Id.* The Arbitration award describes the relief requested by Plaintiff as follows: "MSSB and MSSB FA Notes take nothing by way of this action", "costs of suit", "attorney fees", "Special damages according to proof", "General damages according to proof", "Punitive damages" , and  "Such other and further relief as the Panel deems appropriate." *Id.*

The Arbitration states in relevant part: "**<u>AWARD</u>** ... MSSB and MSSB FA Notes are jointly and severally liable for and shall pay to Simmons the sum of $382,585.00 in compensatory damages, which amount includes pre-judgment interest." *Id.* The Arbitration further concluded that Plaintiff was liable to Defendant for "the sum of $546,336.00 in compensatory damages, which amount includes pre-judgment interest." *Id.*

In *Clark v. Bear Sterns & Co., Inc.* 966 F.2d 1318 (9th Cir. 1992), the Court of Appeals stated:

> Res judicata, or claim preclusion, prevents the relitigation of a claim previously tried and decided. Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in previous litigation between the same parties.
>
> Res judicata bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action. In determining whether successive lawsuits involve the same cause of action, we consider: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.
>
> To foreclose relitigation of an issue under collateral estoppel: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action.

*Id*. at 1320 (citations omitted).

An arbitration decision can have res judicata or collateral estoppel  effect where the party asserting preclusion "shows with clarity and certainty what was determined by the prior judgment." *Id*. at 1321.  In this case, the Court concludes that the record

- 9 -

does not support the application of res judicata, or claim preclusion.  Plaintiff's claims under Cal. Govt. Code section 12940(a) and 42 U.S.C. § 2000e (Title VII) were not subject to arbitration.  The Court concludes that the Defendant has not shown that the arbitration resolved the same causes of action now before this Court for jury trial. There were no claims of  discrimination presented in the arbitration or resolved by the arbitration.  The facts relevant to the claims of discrimination in this federal court action were not are not the same facts relevant to the contract claims in the arbitration.  There is no indication that the arbitration panel awarded any damages for lost wages based upon disparate treatment and wrongful discharge on the basis of discrimination.  Even assuming that the arbitration panel concluded that Plaintiff was terminated for cause,[1] the jury in this case will determine whether the legitimate reason advanced by the Defendant for Plaintiff's termination was a pretext for discrimination in violation of statutory rights.  *See Clark*, 966 F.2d at 1322-23 ("Because the defendants did not introduce a sufficient record of the arbitration to enable the trial court to pinpoint the exact issues previously determined, defendants have failed to meet their burden.").

Defendant's Motion in Limine No. 6 Preclude Litigation or Re-Litigation of Issues Submitted to Arbitration (ECF No. 112) is denied.[2]

**Defendant's Motion in Limine No. 7 to Preclude Evidence Offered to Establish Alleged Back Pay and Front Pay Damages**  (ECF No. 116)

Defendant moves the Court for an order "precluding Plaintiff from offering any evidence to establish alleged front pay damages or alleged back pay damages for any time after July 1, 2011."  (ECF No. 116 at 2).  Defendant contends that Plaintiff has either obtained or failed to pursue substantially equivalent employment and that any

---

[1]The Arbitration Award does not include any finding to support this assumption and the Court does not conclude that the Arbitrator made this finding.  There is no Explained Decision by the Arbitration panel. (ECF No. 149-1 at 26).  The references in the arbitration to "compensatory damages" are without explanation.  (ECF No. 112-3 at 454).

[2]In the event that the jury awards damages and Defendant believes that any part of the award represents an improper double recovery, Defendant can make a motion after trial.

evidence of alleged back pay or front pay damages must be excluded.  Plaintiff contends that Defendant has failed to meet its burden that Plaintiff has failed to mitigate his damages.

The burden of proving failure to mitigate damages in an employment discrimination suit is on Defendant.  *Kaplan v. Int'l Alliance,* 525 F.2d 1354, 1363 (9th Cir. 1975).  The issues of whether Plaintiff's current position is substantially equivalent employment will be presented to and resolved by the jury.

Defendant's Motion in Limine No. 7 to Preclude Evidence Offered to Establish Alleged Back Pay and Front Pay Damages (ECF No. 116) is denied without prejudice to object to the presentation of evidence.

**Plaintiff's Motion in Limine No. 1 to Exclude Other Than Impeachment Witnesses Any Evidence Not Previously Disclosed in Initial Disclosures and Not Produced During Discovery** (ECF No. 110)

Plaintiff's Motion in Limine No.1 to  Exclude Other Than Impeachment Witnesses Any Evidence Not Previously Disclosed in Initial Disclosures and Not Produced During Discovery (ECF No. 110) is denied on the grounds that it is overbroad and lacks specificity.

**Plaintiff's Motion in Limine No. 2 to Exclude the Testimony of Witnesses Not Previously Disclosed by Defendant in Initial or Supplemental Disclosures** (ECF No. 113)

Plaintiff moves the Court for an order to exclude 15 witnesses[3] from the Defendant's witness list on the grounds that these witnesses were not disclosed previously as required under Rule 26(a)(1) of the Federal Rules of Civil Procedure.

Defendant asserts that these witnesses were identified in Plaintiff's disclosures, deposed by Plaintiff and discussed during Plaintiff's deposition testimony.  Defendant contends that it had no duty to disclose individuals who are already identified and, in

---

[3] James Thay was initially included in this motion but is not included on Defendant's trial witness list.

any event, Plaintiff suffered no harm from failure to disclose such individuals under Rule 37.

Rule 26(a)(1) provides:

(A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:
(i) the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

Fed. R. Evid. 26(a)(1).

Rule 26(e)(1) provides:

(e) Supplementing Disclosures and Responses.
(1) In General. A party who has made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response:
(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
(B) as ordered by the court.

Fed. R. Evid. 26(e)(1).

Rule 37 provides:

(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
(1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
(B) may inform the jury of the party's failure; and
(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Evid. 37.

The parties exchanged initial disclosures pursuant to Rule 26 on August 30, 2012. The parties propounded and responded to discovery requests, produced documents, and noticed and took several depositions throughout 2012. Plaintiff's deposition was taken at the end of discovery cut off and beyond by agreement of the parties. Both parties provided supplemental disclosures after Plaintiff's deposition. Defendant did not

identify any of the 15 witnesses in its initial or supplemental disclosures.

The Court does not conclude that Defendant was relieved of its disclosure obligations under the federal rules on the grounds that these witnesses were identified in Plaintiff's disclosures or "discussed during [Plaintiff's] deposition." (ECF No. 139 at 4). Defendant bears the burden to show that the failure to disclose "is substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). At oral argument, the parties agreed that Mark Kremers was deposed as a fact witness and that Kat Koutsantonis and Carmel Reinman were deposed under Fed. R. Civ. P. 30(b)(6). The Court concludes that these witnesses can testify as to matters within the scope of their depositions. The Court further concludes that Defendant has not shown that failure to disclose other witnesses listed was substantially justified or harmless. Plaintiff's motion in limine is granted as to the following witnesses: Branch, Balzano, Buracker, Bush, DeRobertis, Kuklenski, Perry, Peterson, Struckman, Thacker.[4]

Plaintiff's Motion in Limine No. 2 to Exclude the Testimony of Witnesses Not Previously Disclosed by Defendant in Initial or Supplemental Disclosures (ECF No. 113) is granted in part and denied in part.

**Plaintiff's Motion in Limine No. 3 to Exclude Testimony of J. Duross O'Bryan** (ECF No. 114)

Plaintiff moves the Court for an order excluding the testimony of O'Bryan on the grounds that he is an undesignated expert witness. Plaintiff contends that the parties stipulated on the record that there would be no expert witnesses. Defendant agrees that it did not disclose O'Bryan as an expert in this case but contends that it should be allowed to call O'Bryan if Plaintiff is not precluded from presenting any evidence of past or future economic damages.

At oral argument, the parties agreed that any award of damages by the jury in this case must be reduced to present value and that the relevant interest rate necessary to

---

[4] This ruling does not apply to J. Duross O'Bryan and Richard Skae who are the subject of an individual motion in limine.

determine present value will likely require expert testimony.  The parties agreed that each side may present expert testimony as to this limited issue at trial without objection to the failure to designate.

Plaintiff's Motion in Limine No. 3 to Exclude Testimony of J. Duross O'Bryan (ECF No. 114) is granted except as agreed by the parties.

**Plaintiff's motion in limine No. 4 to Exclude Testimony of Richard Skae** (ECF No. 115)

Plaintiff contends that the testimony of Skae should be excluded on grounds that Defendant prevented Plaintiff from conducting any discovery of Skae during the pretrial discovery phase of the case and that Skae has no knowledge relevant to any issue in the case.  Plaintiff relies upon the Declaration of Skae submitted by Defendant to the Magistrate Judge dated December 11, 2012 in support of Defendant's Motion for Protective Order.  In the declaration, Skae stated in part: "I ... have no specific recollection of ever observing any direct interactions between John Simmons and Doug Kentfield." (ECF No. 46-2).  Based upon this and other representations, the Magistrate Judge granted Defendant's Motion for Protective order preventing Plaintiff from deposing Skae.  Plaintiff contends that any trial testimony by Skae will unfairly prejudice the Plaintiff.

Defendant contends that Skae's testimony is relevant to support or to discredit Plaintiff's testimony that he discussed alleged discriminatory remarks with Skae at the time the remarks were made.  (Defendant's Motion in Limine No.3, ECF No. 108).  Defendant contends that Plaintiff did not inform the Magistrate Judge about these alleged discriminatory remarks  prior to the ruling on the Motion for Protective Order.  Defendant contends that the Magistrate Judge may have ruled otherwise if Plaintiff had been forthcoming and that Defendant should not be precluded from calling Skae at trial to corroborate or refute any alleged revelations by Plaintiff of discriminatory remarks.

During the discovery phase, Plaintiff served deposition notices on four directors of the management team of MSSB's global wealth management business.   Richard

Skae was the Divisional Director of the Northeast Division.  Defendant moved for a protective order on December 11, 2012 on the grounds that Skae had no supervisory responsibilities with respect to Plaintiff's employment.  The motion was supported by Skae's declaration. (ECF No. 46-2).  Plaintiff opposed the Motion for Protective Order on the grounds that Plaintiff and Skae had extensive personal contacts and interactions with Plaintiff before, during, and after Plaintiff's employment with Defendant.

On December 27, 2012, the Magistrate Judge entered an order granting Defendant's Motion for Protective Order finding that "Plaintiff has not presented sufficient evidence that Mr. Skae has any relevant, non-cumulative personal knowledge of the circumstances surrounding the alleged discrimination against Plaintiff or of the circumstances surrounding his termination." (ECF No. 49 at 4).

In January and February 2013, Plaintiff testified at his deposition regarding an incident in which derogatory comments were made to him regarding his religion which Plaintiff allegedly reported to Skae.  Based upon this record, the Court concludes that Defendant is not precluded from calling Richard Skae "solely for impeachment." Fed. R. Civ. P. 26(a)(1).  Defendant shall make Skae available for deposition prior to his testimony at a time and place convenient to counsel for Plaintiff.

Plaintiff's Motion in Limine No. 4 to Exclude Testimony of Rick Skae (ECF No. 115) is denied.

**Plaintiff's Motion in Limine No. 5 to Exclude Evidence of Initial Contract Negotiations** (ECF No. 117)

Plaintiff's Motion in Limine No. 5 to Exclude Evidence of Initial Contract Negotiations (ECF No. 117) is granted as unopposed.

**Plaintiff's Motion in Limine No. 6 to Exclude Any Evidence That Plaintiff Incorrectly Identified Initial Employment Agreement** (ECF No. 118)

Plaintiff's motion in limine No. 6 to Exclude Any Evidence That Plaintiff Incorrectly Identified Initial Employment Agreement  (ECF No. 118) is granted as unopposed.

**Plaintiff's Motion in Limine No. 7 to Exclude Evidence Relating to the La Quinta Awards Dinner** (ECF No. 120)

**Plaintiff's Motion in Limine No. 8 to Exclude Any Evidence of the Plaintiff's Involvement in the Termination of Defendant's Employees Wilson & Ferrante** (ECF No. 121)

In Motion in Limine No. 7, Plaintiff contends that Defendant should be precluded from introducing any evidence regarding the holding of an awards dinner at the La Quinta resort. Plaintiff asserts that this evidence is inadmissible under Fed. Rule Evid. 402 and Fed. R. Evid. 403. Plaintiff contends that Defendant has belatedly brought up the events of this dinner in an attempt to justify his termination for poor judgment.

In Motion in Limine No. 8, Plaintiff contends that Defendant should be precluded from introducing any evidence regarding Plaintiff's involvement in the termination of Defendant's employees Wilson and Ferrante.

Defendant asserts that this evidence pertaining to Plaintiff's job performance is relevant to the issue of whether MSSB's reasons for his termination were non-discriminatory.

Rule 402 of the Federal Rules of Evidence provides in part that "irrelevant evidence is not admissible." Rule 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

Defendant is entitled to present evidence pertaining to Plaintiff's job performance and Defendant's grounds for his termination. *See* ECF No. 100 at 14 ("The Court finds that MSSB has sufficiently articulated facially nondiscriminatory reasons for Simmons' compensation and termination."). The Court concludes that the evidence Plaintiff seeks to exclude in these motions in limine is relevant to advance Defendant's nondiscriminatory reasons for Simmons' compensation and termination.

Plaintiff's motion in limine No. 7 to Exclude Evidence Relating to the La Quinta Awards Dinner (ECF No. 120) is denied without prejudice to specific objection at the

1  presentation of evidence.

2        Plaintiff's motion in limine No. 8 to Exclude Any Evidence of the Plaintiff's

3  Involvement in the Termination of Defendant's Employees Wilson & Ferrante  (ECF

4  No. 121) is denied without prejudice to specific objection at the presentation of

5  evidence.

6  **Plaintiff's Motion in Limine No. 9 to Exclude Any Evidence of Plaintiff's Real**

7  **Estate Transactions** (ECF No. 122)

8  **Plaintiff's Motion in Limine No.12 to Exclude Any Evidence of the May 2009**

9  **Promissory Note** (ECF No. 125)

10  **Plaintiff's Motion in Limine No.13 to Exclude Any Reference to the FINRA**

11  **Arbitration and Any Issues Litigated in the FINRA Arbitration** (ECF No. 126)

12        In Plaintiff's motion No. 9, Plaintiff requests that the Court preclude Defendant

13  from introducing "any evidence regarding real estate transactions involving Plaintiff's

14  prior residence in Virginia and his California residence." (ECF No. 122 at 1).

15        In Plaintiff's motion No. 12, Plaintiff requests that the Court preclude Defendant

16  from the introducing any evidence relating to the promissory note signed by Plaintiff

17  in May 2009.

18        In Plaintiff's motion No. 13, Plaintiff requests that the Court preclude Defendant

19  from the introducing "any evidence relating to the previously conducted FINRA

20  arbitration and to the issues litigated in that FINRA arbitration." (ECF No. 126 at 1).

21        Plaintiff asserts that such evidence is not relevant to the religious discrimination

22  issues at trial.  Plaintiff further asserts that these issues were fully litigated and resolved

23  in the parallel FINRA arbitration.

24        Defendant agrees that "balances due on two promissory notes ... which related

25  in part to the sale of his house in Virginia and purchase of a house in California were

26  adjudicated in arbitration proceedings ... and that the doctrines of *res judicata* and

27  collateral estoppel bar re-litigation of those claims." (ECF No. 153 at 4).  Defendant

28  contends that "Plaintiff's financial and real estate dealings, particularly his chronic

personal financial difficulties, bear upon his judgment." *Id.*  Defendant contends that evidence of Plaintiff's promissory note bears upon his judgment relevant to the legitimate, nondiscriminatory reasons that motivated Plaintiff's termination.  Defendant contends that Plaintiff's motion to preclude reference to any issues litigated in arbitration is overly broad and vague.

Defendant in this case asserts that "evidence of Plaintiff's real estate transactions, improvident commitments in his personal financial affairs, and inability to meet his obligations to repay promissory notes he took on will prove relevant to the judgment deficiencies that [Defendant] identified and which resulted in his termination."  (ECF No. 153 at 9).  This general assertion of relevance is not sufficient to connect the proffered evidence to the decision to terminate the Plaintiff.  The Court concludes that any evidence of Plaintiff's personal real estate transactions and the promissory notes which came due after his termination is not relevant to show a legitimate, nondiscriminatory reason that motivated Plaintiff's termination.

Plaintiff's Motion in Limine No. 9 to Exclude Any Evidence of Plaintiff's Real Estate Transactions (ECF No. 122) is granted with leave for Defendant to request reconsideration outside the presence of the jury during the presentation of evidence.

Plaintiff's Motion in Limine No. 12 to Exclude Any Evidence of the May 2009 Promissory Note (ECF No. 125) is granted with leave for Defendant to request reconsideration outside the presence of the jury during the presentation of evidence.

Plaintiff's Motion in Limine No. 13 to Exclude Any Reference to the FINRA Arbitration and Any Issues Litigated in the FINRA Arbitration (ECF No. 126) is denied as overbroad.  However, the parties shall not refer to the arbitration proceedings in the presence of the jury without further leave of the Court.

**Plaintiff's Motion in Limine No. 10 to Exclude 2010 Las Vegas Anonymous Hearsay Statement** (ECF No. 123)

Plaintiff contends that Defendant should be precluded from introducing an unsigned note that is critical of the Plaintiff's weight and of a joke told by Plaintiff.

Plaintiff contends that the letter is hearsay and the most prejudicial form of hearsay because it is anonymous.  Plaintiff contends that the authenticity of the letter cannot be established and that Defendant cannot lay a foundation for the admission of the letter.

Defendant contends that the letter is not hearsay because it is not offered for the truth of the matter asserted and is offered only to show the effect upon Kentfield. Defendant contends that the receipt of the letter raised concerns about Plaintiff's judgment.

In this case, the letter is not offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2).  The note has significant probative value to Defendant's claim of legitimate non-discriminatory reasons for terminating Plaintiff. The Court will not exclude the letter under Fed. R. Evid. 403 at this stage in the proceedings solely on the grounds that the author is not identified.  However, Defendant has the burden to lay an adequate foundation for the admission of the letter, including the facts surrounding the receipt of the note and the relevance of the letter in this case.

Plaintiff's Motion in Limine No.10 to Exclude 2010 Las Vegas Anonymous Hearsay Statement  (ECF No. 123) is denied without prejudice to any objection at trial to the lack of relevance, authentication, or foundation.

## CONCLUSION

IT IS HEREBY ORDERED that:

Defendant's Motion in Limine No. 2 to Exclude Improper Witnesses Under FRE 402, 403, and 803, and FRCP 45  (ECF No. 107) is denied without prejudice to renew at the presentation of evidence;

Defendant's Motion in Limine No. 3 to Preclude Testimony Regarding Alleged Statements Made by Jim Tracy and Skae (ECF No. 108) is denied.  Plaintiff shall seek leave of Court, outside the presence of the jury, prior to offering this testimony at trial;

Defendant's Motion in Limine No. 4 to Preclude Testimony of David Fields (ECF No. 109) is denied.  Plaintiff shall seek leave of Court, outside the presence of the jury, prior to offering this testimony at trial;

Defendant's Motion in Limine No. 5 to Preclude Ad Hominem Attacks (ECF No.111) is denied without prejudice and with leave to object to any comment or question at the presentation of evidence;

Defendant's Motion in Limine No. 6 to Preclude Litigation or Re-Litigation of Issues Submitted to Arbitration (ECF No. 112) is denied;

Defendant's Motion in Limine No. 7 to Preclude Evidence Offered to Establish Alleged Back Pay and Front Pay Damages (ECF No. 116) is denied without prejudice to object to the presentation of evidence;

Plaintiff's Motion in Limine No. 1 to  Exclude Other Than Impeachment Witnesses Any Evidence Not Previously Disclosed in Initial Disclosures and Not Produced During Discovery  (ECF No. 110) is denied;

Plaintiff's Motion in Limine No. 2 to Exclude the Testimony of Witnesses Not Previously Disclosed by Defendant in Initial or Supplemental Disclosures (ECF No. 113) is granted in part and denied in part;

Plaintiff's Motion in Limine No. 3 to Exclude Testimony of J. Duross O'Bryan (ECF No. 114) is granted except as agreed by the parties;

Plaintiff's Motion in Limine No. 4 to Exclude Testimony of Rick Skae (ECF No. 115) is denied. Defendant shall make Skae available for deposition prior to his testimony;

Plaintiff's Motion in Limine No. 5 to Exclude Evidence of Initial Contract Negotiations (ECF No. 117) is granted as unopposed;

Plaintiff's Motion in Limine No. 6 to Exclude Any Evidence That Plaintiff Incorrectly Identified Initial Employment Agreement  (ECF No. 118) is granted as unopposed;

Plaintiff's Motion in Limine No. 7 to Exclude Evidence Relating to the La Quinta Awards Dinner  (ECF No. 120) is denied without prejudice to specific objection at the presentation of evidence;

Plaintiff's Motion in Limine No. 8 to Exclude Any Evidence of the Plaintiff's

Involvement in the Termination of Defendant's Employees Wilson & Ferrante (ECF No. 121) is denied without prejudice to specific objection at the presentation of evidence;

Plaintiff's Motion in Limine No. 9 to Exclude Any Evidence of Plaintiff's Real Estate Transactions (ECF No. 122) is granted with leave to Defendant to request reconsideration outside the presence of the jury during the presentation of evidence;

Plaintiff's Motion in Limine No.10 to Exclude 2010 Las Vegas Anonymous Hearsay Statement  (ECF No. 123) is denied without prejudice;

Plaintiff's Motion in Limine No. 12 to Exclude Any Evidence of the May 2009 Promissory Note (ECF No. 125) is granted with leave to Defendant to request reconsideration outside the presence of the jury during the presentation of evidence;

Plaintiff's Motion in Limine No. 13 to Exclude Any Reference to the FINRA Arbitration and Any Issues Litigated in the FINRA Arbitration (ECF No. 126) is denied.  The parties shall not refer to the arbitration proceedings in the presence of the jury without further leave of the Court.

The parties shall contact the Magistrate Judge within two days of the filing of this order to schedule a settlement conference.

DATED:  February 25, 2014

**WILLIAM Q. HAYES**
United States District Judge