1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JOHN SIMMONS                                        CASE NO. 11cv2889 WQH-
                                                         MDD
12                                    Plaintiff,
          vs.                                            **ORDER**
13
     MORGAN STANLEY SMITH
14   BARNEY, LLC; DOES 1 through 50,
     inclusive,
15
                                      Defendants.
16   HAYES, Judge:

17          The matters before the Court are: (1) Defendant's Motion in Limine No. 8 to

18   Preclude Evidence Offered in Support of Purported Claims for Harassment, Retaliation,

19   and Failure to Prevent Harassment, Discrimination, or Retaliation (ECF No. 119); (2)

20   Defendant's Motion in Limine No. 1 Re: Plaintiff's Improper Witness Disclosures (ECF

21   No. 106); and (3) Plaintiff's Motion in Limine #11 to Preclude Cross Examination of

22   Scott Wilson by Defense Counsel  (ECF No. 124).

23                              **BACKGROUND**

24          On December 1, 2011, Plaintiff John Simmons ("Simmons") initiated this action

25   in San Diego Superior Court with a Complaint against Defendant Morgan Stanley

26   Smith Barney, LLC ("MSSB") – his former employer.  (ECF No. 1-1).  Plaintiff alleges

27   that Defendant  unequally compensated him and ultimately fired him on account of his

28   Mormon religion.  The Complaint contains statutory claims for discrimination pursuant

to California Government Code § 12940(a) ("FEHA") and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), and non-statutory claims for fraud, wrongful termination in violation of public policy, and breach of contract. On December 12, 2011, Defendant removed the action to this Court.

Trial is set to commence before a jury on March 11, 2014 on Plaintiff's claims that Defendant unlawfully discriminated against him in violation of Title VII and California Government Code § 12940(a). On February 25, 2014, the Court issued an order ruling on the majority of the motions in limine filed by the parties. (ECF No. 187). On February 27, 2014 and March 6, 2014, the parties filed supplemental briefing related to the three motions in limine which remain pending.

**RULINGS OF THE COURT**

I. **Defendant's Motion in Limine No. 8 to Preclude Evidence Offered in Support of Purported Claims for Harassment, Retaliation, and Failure to Prevent Harassment, Discrimination, or Retaliation** (ECF No. 119)

   A. *Contentions of the Parties*

Defendant moves the Court for an order precluding Plaintiff "from asserting or offering any evidence of purported claims for harassment, retaliation, or failure to prevent harassment, discrimination or retaliation." (ECF No. 119 at 2). Defendant contends:

> Defendant ... anticipates that Plaintiff ... will seek to offer evidence in support of purported Title VII and FEHA claims for harassment and retaliation and a FEHA claim for failure to prevent harassment, discrimination, or retaliation – despite the fact that Plaintiff failed to exhaust administrative remedies as to these claims, did not plead any such claims in his Complaint, and neglected to assert these claims in the Proposed Pretrial Conference Order. The Court lacks jurisdiction to entertain the claims, and Plaintiff is precluded from belatedly raising these claims now. Accordingly, any evidence offered to establish claims for harassment, retaliation, and failure to prevent harassment, discrimination, or retaliation is irrelevant and must be excluded pursuant to Federal Rules of Evidence 401 and 402. Furthermore, the admission of such irrelevant evidence would likely confuse the issues, mislead the jury, cause undue delay, waste time, and unfairly prejudice MSSB by inviting the jury to render a decision on an improper basis. Thus, such evidence should also be excluded pursuant to Federal Rule of Evidence 403.

(ECF No. 119-1 at 7). Defendant contends that it "would clearly be prejudiced if it were forced to defend itself against claims belatedly asserted in an amended pleading,

long after the close of discovery, long after the dispositive motion cut off, on the eve of trial." (ECF No. 200 at 24). Defendant contends that it "would have sought and obtained summary judgment as to Plaintiff's unpleaded claims," and Defendant "would also be prejudiced by its inability to prepare and defend Plaintiff's new claims at trial." *Id.* at 24, 31.

Plaintiff contends that he has exhausted these claims under state and federal law and properly raised them in this action. Plaintiff contends that "evidence relating to harassment, failure to prevent discrimination, and retaliation ... is relevant to and probative of the disparate treatment of the Plaintiff." (ECF No. 152 at 7). Plaintiff contends that "to the extent the issues relating to harassment, failure to prevent discrimination, and retaliation are in fact litigated along with the disparate treatment claim, the Plaintiff may move the Court to allow the Plaintiff to conform the pleadings to proof pursuant to FRCP 15(b), if required." *Id.* at 7-8. Plaintiff contends that "[i]nasmuch as evidence relating to harassment, failure to prevent discrimination, and retaliation is either relevant corroborating evidence for the Plaintiff's disparate treatment claims under Federal and State law, or is the basis for recovery under those theories or both, it is relevant and material to the Plaintiff's case." *Id.* at 8. In supplemental briefing filed after oral argument, Plaintiff contends that "Plaintiff alleged the claims for harassment, retaliation and the failure to prevent discrimination in his Complaint and the proposed Pretrial Order." (ECF No. 206 at 18). Plaintiff contends that "Defendant has already litigated all alleged factual issues in the [Motion for Summary Judgment]." *Id.* at 26.

   B.   *Evidence of Harassment, Retaliation, or Failure to Prevent Harassment, Discrimination or Retaliation*

The relief requested in Defendant's Motion in Limine No. 8 is that the Court issue an order precluding Plaintiff "from asserting or offering any evidence of purported claims for harassment, retaliation, or failure to prevent harassment, discrimination or retaliation." (ECF No. 119 at 2). Defendant has failed to identify any specific evidence that Defendant contends Plaintiff is seeking to admit in support of the "purported claims

for harassment, retaliation, [and/or] failure to prevent harassment, discrimination or retaliation" that would not also be relevant to Plaintiff's claim for disparate treatment under state and federal law.  Accordingly, to the extent Defendant's Motion in Limine No. 8 seeks to preclude evidence, the motion is denied without prejudice to object to specific evidence at trial.

       *C.*    *Title VII and FEHA Claims for Harassment and Retaliation and FEHA Claim for Failure to Prevent Harassment or Discrimination*

      Neither the Complaint nor the Pretrial Order references a federal or state law claim for harassment (or hostile work environment) or retaliation, or a state law claim for failure to prevent harassment, retaliation or discrimination.  The first time Plaintiff filed any document in this case referencing "harassment," "hostile work environment," "retaliation," and/or "failure to prevent" harassment, retaliation or discrimination was when Plaintiff filed his proposed jury instructions on January 21, 2014—over two years after the action was filed, after the close of discovery, after the dispositive motion deadline, and less than two months before trial.  (ECF No. 135).  In Defendant's Motion in Limine No. 8 and the supplemental briefing filed after the motions in limine hearing, Defendant requests that the Court prohibit Plaintiff from "proceed[ing] with Title VII and FEHA claims for harassment and retaliation and a FEHA claim for failure to prevent harassment or discrimination."  (ECF No. 200 at 10).

       *1.*    *Subject Matter Jurisdiction*

      Defendant contends that the Court "lacks subject matter jurisdiction over Plaintiff's unexhausted purported harassment, retaliation, and failure to prevent claims" because "Plaintiff has not exhausted administrative remedies on these purported claims."  *Id*. at 15.

      "In order to establish subject matter jurisdiction over [a] Title VII claim,  [a] Plaintiff [is] required to exhaust her administrative remedies.  Under Title VII, a plaintiff must exhaust her administrative remedies by filing a timely charge with the EEOC, or the appropriate state agency, thereby affording the agency an opportunity to investigate the charge."  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir.

2002) (citing, *inter alia*, 42 U.S.C. § 2000e-5(b)).  "Subject matter jurisdiction extends over all allegations of discrimination that either fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination."  *Id*. at 1100 (quotation omitted).  The Court must "construe the language of EEOC charges with utmost liberality since they are made by those unschooled in the technicalities of formal pleading."  *Id*. (quotation omitted).  "Allegations of discrimination not included in the plaintiff's administrative charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge.  In determining whether a plaintiff has exhausted allegations that she did not specify in her administrative charge, it is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred."  *Id*. (quotations omitted).  The standard is the same under state law.  *See Sandhu v. Lockheed Missiles & Space Co.*, 26 Cal. App. 4th 846, 859 (1994) ("California courts have endorsed the 'like or reasonably related' standard articulated [by the Court of Appeals for the Ninth Circuit], recognizing that to do otherwise would create a needless procedural barrier to enforcement of FEHA.") (quotation omitted).

On July 18, 2011, Plaintiff filed a Complaint of Discrimination with the California Department of Fair Employment and Housing.  (ECF No. 119-3 at 3).  Plaintiff alleged that he was "denied equal pay and terminated due to my religion (Mormon – Latter Day Saint)."  *Id*.  Plaintiff named "Doug Kentfield, Division Director" in his Complaint of Discrimination, and referenced Plaintiff being hired on March 1, 2008 and conversations with Kentfield in February 2011 and March 10, 2011.  *Id*.  Plaintiff alleged that he was "aware that other non-Mormon co-workers with [Plaintiff's] same duties were given higher job titles and salaries," and "non-Mormon colleagues who performed similarly or worse than me were not terminated."  *Id*.

As stated in the proposed jury instructions, Plaintiff's current claim of hostile work environment (or harassment) focuses primarily on anti-Mormon statements allegedly made by Kentfield to Plaintiff between 2008 and 2011. *See* Pl.'s Proposed Jury Instr., ECF No. 135 at 21; *see also* Compl. ¶ 15, ECF No. 1-1 at 5. Construing Plaintiff's administrative Complaint of Discrimination "with utmost liberality," the Court finds that Plaintiff's current allegations of hostile work environment are "reasonably related to the allegations contained in the" Complaint of Discrimination filed with the appropriate state agency. *B.K.B.*, 276 F.3d at 1100. The Court finds that Plaintiff's current claim of hostile work environment falls within the scope of an "investigation which *can reasonably be expected* to grow out of the charge of discrimination." *Id.* Accordingly, to the extent Defendant moves for an order finding that the Court lacks subject matter jurisdiction over Plaintiff's claim of hostile work environment under federal and state law, the motion is denied.

As stated in the proposed jury instructions, Plaintiff's current claim of retaliation alleges that Plaintiff's protected activity was "object[ing] to the discriminatory failure by Defendant to pay him moneys owed to him," and the adverse employment action which resulted from Plaintiff's protected activity was "Defendant paid Plaintiff less than his peers and terminated Plaintiff." Pl.'s Proposed Jury Instr., ECF No. 135 at 25. These retaliation allegations appear to refer to the February 2011 "discuss[ion] with Kentfield about [Plaintiff's] ... pay [being] below colleagues that were performing similar duties" alleged in the administrative Complaint of Discrimination. (ECF No. 119-3 at 3). The Court finds that Plaintiff's current allegations of retaliation are "reasonably related to the allegations contained in the" Complaint of Discrimination and fall within the scope of an "investigation which *can reasonably be expected* to grow out of the charge of discrimination." *B.K.B.*, 276 F.3d at 1100. To the extent Defendant moves for an order finding that the Court lacks subject matter jurisdiction over Plaintiff's claim of retaliation under federal and state law, the motion is denied.

As stated in the proposed jury instructions, Plaintiff's current claim of failure to

prevent harassment, discrimination and retaliation alleges that Plaintiff "was subjected to harassment/discrimination/retaliation in the course of employment" and Defendant "failed to take all reasonable steps to prevent the harassment/discrimination/ retaliation," which caused Plaintiff harm.  Pl.'s Proposed Jury Instr., ECF No. 135 at 41.  The Court finds that Plaintiff's current allegations of failure to prevent harassment, discrimination and retaliation are "reasonably related to the allegations contained in the" Complaint of Discrimination and fall within the scope of an "investigation which *can reasonably be expected* to grow out of the charge of discrimination." *B.K.B.*, 276 F.3d at 1100.  To the extent Defendant moves for an order finding that the Court lacks subject matter jurisdiction over Plaintiff's claim of failure to prevent harassment, discrimination and retaliation under state law, the motion is denied.

### 2.   *Claims in the Complaint and Good Cause for Amendment*

Defendant contends that it "would clearly be prejudiced if it were forced to defend itself against claims belatedly asserted in an amended pleading, long after the close of discovery, long after the dispositive motion cut off, on the eve of trial."  (ECF No. 200 at 24).  Defendant contends that the Complaint does "not plead causes of action for harassment, retaliation, or failure to prevent harassment, discrimination, or retaliation."  *Id*. at 23.  Defendant contends that any motion by Plaintiff to amend the Complaint to add these causes of action requires Plaintiff to show good cause for failure to amend the Complaint within the time allowed by the scheduling order and an absence of prejudice to Defendant.  Defendant contends that Plaintiff cannot make either showing.

In originally opposing Motion in Limine No. 8, Plaintiff appeared to concede that the claims for harassment, retaliation and failure to prevent discrimination/harassment/retaliation were not pled in the Complaint.  (ECF No. 152 at 6 ("[T]he same discovery would have been performed *if the claims had been included in the Complaint*.") (emphasis added)).  Plaintiff contends that "to the extent the issues relating to harassment, failure to prevent discrimination, and retaliation are in fact

litigated along with the disparate treatment claim, the Plaintiff may move the Court to allow the Plaintiff to conform the pleadings to proof pursuant to FRCP 15(b), if required." *Id.* at 7-8.  In Plaintiff's supplemental briefing after oral argument, Plaintiff contends that "Plaintiff alleged the claims for harassment, retaliation and the failure to prevent discrimination in his Complaint...."  (ECF No. 206 at 18-19).

The sole allegation in the Complaint which reasonably could be construed as relating directly to a hostile work environment claim is that "employees of the Defendant made remarks to the Plaintiff regarding his religious beliefs," including "references to multiple wives, polygamy, and the fact that the Plaintiff was a teetotaler as dictated by his religion."  (Compl. ¶ 15, ECF No. 1-1 at 5).  This allegation is made in the Complaint's first cause of action, which cites only the state law provision prohibiting discrimination, not the provisions prohibiting harassment/hostile work environment, retaliation, or failure to prevent discrimination. *Id.* ¶¶ 11-26 (referencing only Cal. Gov. Code § 12940(a) (discrimination), and making no reference to Cal. Gov. Code § 12940(h) (retaliation), § 12940(j)(1) (harassment), or § 12940(k) (failure to prevent discrimination and harassment)).[1]  The Complaint fails to adequately allege essential elements of a federal or state law harassment/hostile work environment claim, including that any harassing conduct was severe or pervasive; that a reasonable person in Plaintiff's circumstances would have considered the work environment to be abusive or hostile; and that Plaintiff considered the work environment to be abusive or hostile. *See* Ninth Cir. Model Instr. No. 10.2A; CACI No. 2521A.  The Complaint fails to adequately allege essential elements of a federal or state law retaliation claim, including that Plaintiff engaged in protected activity and that he was subjected to an adverse employment action because of his participation in protected activity.  *See* Ninth Cir. Model Instr. No. 10.3; CACI No. 2505.  The Complaint fails to adequately allege essential elements of a state law claim for failure to prevent harassment, discrimination,

---

[1]   The heading of the first cause of action states, "violation of California Government Code Section 12940(a) et seq," but the allegations under the heading cite only to California Government Code Section 12940(a).  (ECF No. 1-1 at 4).

or retaliation, including that Defendant failed to take all reasonable steps to prevent the harassment, discrimination or retaliation and that Defendant's failure to take reasonable steps was a substantial factor in causing Plaintiff's harm. *See* CACI No. 2527. The Court finds that the Complaint, which was filed by counsel, does not adequately allege causes of action for harassment/hostile work environment, retaliation and failure to prevent discrimination/harassment/retaliation. *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (setting forth the standards for stating a claim for relief); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (same).[2] To the extent the Pretrial Order may be read as supplementing the Complaint, the Court finds that the Pretrial Order contains the same pleading deficiencies as the Complaint with respect to any claims for harassment/hostile work environment, retaliation and failure to prevent discrimination/harassment/retaliation.

In moving for summary judgment, Defendant moved for judgment as to Plaintiff's *entire* Complaint, and did not mention harassment/hostile work environment, retaliation and failure to prevent discrimination/harassment/retaliation. In opposition to Defendant's motion for summary judgment, Plaintiff failed to alert the Court and Defendant that, in Plaintiff's view, Defendant's motion could not dispose of Plaintiff's *entire* Complaint because Defendant failed to address Plaintiff's purported claims for harassment/hostile work environment, retaliation and failure to prevent discrimination/harassment/retaliation. Moreover, even if Plaintiff had presented evidence sufficient to create a genuine issue of fact as to any of the unpled claims, "where, as here, the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the

---

[2] In Plaintiff's supplemental briefing filed after oral argument, Plaintiff cites to the "notice pleading requirements of Federal Rule of Civil Procedure 8" in *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (stating that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests"). (ECF No. 206 at 18-19). The *Conley* test was "retired" by the Supreme Court in *Twombly*. *Iqbal*, 556 U.S. at 670. The Court notes that even under the *Conley* standard, the Complaint failed to provide Defendant with adequate notice that Plaintiff was asserting claims for harassment, retaliation or failure to prevent harassment/discrimination/retaliation.

district court." *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) (citation omitted).

In *Coleman v. Quaker Oats Co.*, 232 F.3d 1271 (9th Cir. 2000), the Court of Appeals for the Ninth Circuit was faced with a situation where plaintiffs alleged only an ADEA disparate treatment theory of liability in their complaint but opposed summary judgment after the close of discovery on a theory of disparate impact as well as disparate treatment.  The Ninth Circuit considered "whether both theories of liability—disparate impact and disparate treatment—must be alleged in the complaint in order to provide the basis *for later trial* or summary judgment." *Id*. at 1291 (emphasis added).  The Ninth Circuit held "that the plaintiffs, who clearly stated ADEA claims of disparate treatment but sought also to pursue claims of disparate impact, were required either (1) to plead the additional disparate impact theory in their complaints, or (2) to make known during discovery their intention to pursue recovery on the disparate impact theory omitted from their complaints." *Id*. at 1294.  The Ninth Circuit further held that plaintiffs' motion for leave to amend the complaint filed after the close of discovery was governed by the "good cause" standard of Federal Rule of Civil Procedure 16, which "primarily considers the diligence of the party seeking the amendment." *Id*.; *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) (same).  The Ninth Circuit stated that if plaintiffs "have failed to show diligence, 'the inquiry should end.'"  *Coleman*, 232 F.3d at 1295 (quoting *Johnson*, 975 F.3d at 609).  The Ninth Circuit stated that the district court also may consider any prejudice to the defendant of allowing the late amendment. *See id*.; *see also United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1017 (9th Cir. 2013) ("[O]ur court and others have upheld a district court's discretion to deny leave to amend at that stage of litigation [i.e., after the close of discovery and dispositive motions]. Similarly, the addition of a new legal theory weighs against leave to amend....") (citing, *inter alia*, *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and

after dispositive motions have been filed, briefed, and decided.")).

In this case, Plaintiff clearly stated state and federal law claims for discrimination on the basis of disparate treatment in the complaint, in the response to Defendant's motion for summary judgment, and in the pretrial order. Plaintiff now seeks to present claims of hostile work environment and retaliation at trial. Hostile work environment and retaliation are alternative theories of liability for discrimination under Title VII and FEHA, distinct from disparate treatment. The elements of the claims for disparate treatment are different from the elements of the claims for hostile work environment and retaliation. Reference to these alternative theories of liability were omitted from the Complaint, the response to Defendant's motion for summary judgment, and the Pretrial Order. Plaintiff contends that facts relevant to Plaintiff's disparate treatment claim which also would be relevant to a claim for hostile work environment were alleged in the Complaint and were the subject of discovery. However, the Court of Appeals in *Coleman* stated that "[o]nly if the defendants have been put on notice" may the plaintiffs proceed on an alternative theory. *Coleman*, 232 F.3d at 1294. In this case, Plaintiff points to no pleadings which put Defendant on notice that Plaintiff intended to proceed on claims of hostile work environment, retaliation and failure to prevent discrimination/retaliation/harassment prior to filing the trial materials. Plaintiff relies solely upon the allegations of facts in support of the claim of disparate treatment which also would be relevant in support of claims of hostile work environment, retaliation and failure to prevent, but Plaintiff does not point the Court to any effort by Plaintiff to make the alternative theories of recovery known to Defendant during discovery or at any time prior to the filing of trial materials.

To the extent Plaintiff's proposed jury instructions and/or Plaintiff's briefing in opposition to Defendant's Motion in Limine No. 8 could be construed as a motion for leave to amend the Complaint to add claims for harassment/hostile work environment, retaliation and failure to prevent discrimination/harassment/retaliation, the motion for leave to amend the Complaint is denied at this stage in the proceedings because Plaintiff

has failed to adequately show "good cause" pursuant to Federal Rule of Civil Procedure 16. *See Coleman*, 232 F.3d at 1294-95; *see also Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005) (stating that plaintiff seeking to amend the pretrial order during trial to add a retaliation claim has "the burden of showing that an amendment to the pretrial order was necessary to prevent 'manifest injustice'") (quoting Fed. R. Civ. P. 16(e)). At this stage in the proceedings, the parties shall not reference before the jury any purported claims for harassment/hostile work environment, retaliation, and/or failure to prevent harassment, discrimination or retaliation. To the extent Defendant's Motion in Limine No. 8 seeks to preclude Plaintiff "from asserting ... purported claims for harassment, retaliation, or failure to prevent harassment, discrimination or retaliation" (ECF No. 119 at 2), the motion is granted, as discussed above.

## II.   Defendant's Motion in Limine No. 1 Re: Plaintiff's Improper Witness Disclosures (ECF No. 106)

Defendant moves the Court "for an order (1) excluding previously undisclosed witnesses from testifying at trial; (2) ordering [Plaintiff] to narrow his witness list to no more than 15 individuals and to describe the subject matter for each witness; and (3) precluding [Plaintiff] from introducing any portion of the arbitration transcript or any deposition testimony pursuant to Rule 32 at trial until he has identified the particular testimony that he plans to use and [Defendant] has had an opportunity to respond as to the admissibility thereof."  (ECF No. 106 at 2).

### A.   *Previously Undisclosed Witnesses: Emerson, Lowe, Meachem and Waldron*

Defendant asserts that "Plaintiff's list of 23 trial witnesses 'expected to be present' includes 4 individuals who were never identified in his initial or amended disclosures of over 112 potential witnesses. The previously undisclosed witnesses are Lilly Emerson, Brent Lowe, Kevin Meacham, and Peter Waldron." (ECF No. 106-1 at 9).  Defendant contends that Emerson, Lowe, Meacham, and Waldron should be precluded from testifying at trial pursuant to Federal Rule of Civil Procedure 37, as a sanction for failure to disclose these witnesses earlier as required by Federal Rule of

Civil Procedure 26(a).

In response, Plaintiff contends that "the timing of the disclosure of the subject witnesses was completely justified, and ... an earlier disclosure was prevented only by the Defendant's failure to identify this discoverable information." (ECF No. 144 at 2). Plaintiff asserts: "Throughout the course of discovery, the Plaintiff timely requested of the Defendant any evidence of other actions/complaints against the Defendant for religious discrimination in employment. The Defendant responded that there was none. After all disclosures were completed, independent of the Defendant, the Plaintiff became aware of another FINRA arbitration that involved as claim for religious discrimination against [Defendant] by a member of the Latter Day Saints, by Mr. Waldron." *Id*. at 3. Plaintiff asserts: "Peter Waldron filed a counter-claim against ... MSSB in FINRA arbitration detailing claims of religious discrimination and hostile work environment based on his Mormon religion.... Brent Lowe, Kevin Meacham, and Lilly Emerson have been identified as witnesses in Waldron's arbitration, as having knowledge of the hostile work environment ... and the discriminatory conduct of Defendant." (ECF No. 195 at 8-9; *see also* ECF No. 168-2 (Waldron's Counterclaim)). Plaintiff contends that "the Waldron action involves misconduct by [Defendant]'s agents in Kentfield's region, by agents under the supervision of Kentfield, and in the identical MSSB region in which Plaintiff was employed." (ECF No. 144 at 3). Plaintiff asserts that he intends to call these witnesses to testify about their direct observations. Plaintiff does not intend to litigate Waldron's arbitration claims of wrongful termination in this matter." (ECF No. 195 at 11). Plaintiff contends:

> The testimony is relevant to establish ... the state of mind of the Defendant, MSSB, and pretext in MSSB's defense of Plaintiff's termination. That is, the evidence of discriminatory attitude would permit the trier of fact to reasonably conclude that at the time the Plaintiff was employed and ultimately terminated, a corporate culture of animosity toward members of the LDS existed and that the purported support for the termination is merely pretext for discriminatory motives. Further, this evidence would permit the trier of fact to reasonably conclude that MSSB ratified the misconduct of Kentfield. That is, the evidence would support the inference that MSSB did not investigate the misconduct of Kentfield, discipline Kentfield, or attempt to alter the corporate culture of anti-Mormon attitudes.

*Id.* at 9.

Defendant responds that Plaintiff's failure to disclose the four witnesses is not justified because Plaintiff and Meachum have been employed by the same company since October 2012, and Defendant contends that it was not obligated to disclose Waldron's claim of religious discrimination:

> In his requests for production, Plaintiff broadly requested that MSSB produce all documents reflecting any claims of discrimination against MSSB since 2006. MSSB objected to the request as overbroad and unlikely to lead to relevant or admissible evidence, but agreed to produce such information for any claims alleged against Kentfield during that period—of which there were none. MSSB had no duty to disclose the separate discrimination case to Plaintiff because it did not allege that Kentfield caused or was involved in the discrimination, and there is no relevant and admissible evidence that could be used from the facts of that case in Plaintiff's own case.

(ECF No. 168 at 5). Defendant contends that, in addition to its request to exclude the witnesses pursuant to Rule 37, the Court should exclude the witnesses pursuant to Federal Rules of Evidence 401, 402 and 403. Defendant asserts that "the sole alleged discriminator in the *Waldron* matter is Russ Smith (who was two management levels below Simmons and three below Kentfield)." *Id.* at 5 n.1. Defendant contends:

> The most Plaintiff contends is that, generally, their anticipated testimony is about a separate, unresolved discrimination claim brought against MSSB. Plaintiff does not allege that these witnesses have any information relevant to his own claim of discrimination, or to any claims of discrimination by Kentfield, or that Kentfield was in any way involved in the events of claimed discrimination. Their testimony about the other lawsuit would only generate an extraneous minitrial and be highly prejudicial and distracting without being at all probative of Plaintiff's own claims.

*Id.* at 5-6.

### 1.   Federal Rule of Civil Procedure 37

Federal Rule of Civil Procedure 26(a) requires a party to list each individual likely to have discoverable information in its initial disclosures, as well as the subject of the information likely to be provided. *See* Fed. R. Civ. P. 26(a)(1)(A)(i). Federal Rule of Civil Procedure 37(c) provides: "If a party fails to ... identify a witness as required by Rule 26(a) ..., the party is not allowed to use that ... witness to supply evidence ... at a trial, unless the failure was substantially justified or is harmless." Fed.

1  R. Civ. P. 37(c)(1).

2       During discovery, Plaintiff requested "[a]ny and all documents reflecting claims

3  or complaints of work place discrimination made against MSSB during the time period

4  of January 1, 2006 until the present." (ECF No. 168-2 at 4). Defendant does not

5  dispute Plaintiff's contention that the *Waldron* counterclaim was responsive to

6  Plaintiff's discovery request or that Defendant and their attorneys were aware of the

7  *Waldron* counterclaim at the time of Plaintiff's discovery request. Instead of disclosing

8  the *Waldron* counterclaim, Defendant objected to Plaintiff's discovery request as

9  overbroad and "constru[ed] Plaintiff's request to be seeking claims ... alleging religious

10 discrimination by Douglas Kentfield," and, so construed, responded that Defendant "has

11 not found any responsive documents." *Id*. Defendant does not contend that it sought

12 or obtained a Court ruling as to the propriety of Defendant's objection to Plaintiff's

13 discovery request.

14      After review of the *Waldron* counterclaim and the submissions of the parties, the

15 Court finds that Plaintiff's failure to disclose Lilly Emerson, Brent Lowe, Kevin

16 Meacham, and Peter Waldron as witnesses was justified by Defendant's failure to

17 disclose the *Waldron* counterclaim and failure to seek a Court ruling as to the propriety

18 of Defendant's objection to Plaintiff's discovery request. To the extent Defendant seeks

19 to exclude the testimony of Emerson, Lowe, Meacham, and Waldron pursuant to Rule

20 37, Defendant's Motion in Limine No. 1 is denied.

21            *2.    Federal Rules of Evidence 401, 402, and 403*

22      Federal Rule of Evidence 401 provides that "[e]vidence is relevant if: (a) it has

23 any tendency to make a fact more or less probable than it would be without the

24 evidence; and (b) the fact is of consequence in determining the action." Federal Rule

25 of Evidence 402 provides that relevant evidence is admissible and irrelevant evidence

26 is not admissible. Federal Rule of Evidence 403 provides that the Court "may exclude

27 relevant evidence if its probative value is substantially outweighed by a danger of one

28 or more of the following: unfair prejudice, confusing the issues, misleading the jury,

undue delay, wasting time, or needlessly presenting cumulative evidence." The United States Supreme Court has stated: "The question whether evidence of discrimination by other supervisors is relevant in an individual [employment discrimination] case is fact based and depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case.  Applying Rule 403 to determine if evidence is prejudicial also requires a fact-intensive, context-specific inquiry." *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008).  The Court of Appeals for the Ninth Circuit has held "that bigoted remarks by a member of senior management may tend to show discrimination, even if directed at someone other than the plaintiff," and "even if several years old." *Metoyer v. Chassman*, 504 F.3d 919, 937 (9th Cir. 2007) (citations omitted).  "It is clear that an employer's conduct tending to demonstrate hostility towards a certain group is both relevant and admissible where the employer's general hostility towards that group is the true reason behind firing an employee who is a member of that group." *Heyne v. Caruso*, 69 F.3d 1475, 1479 (9th Cir. 1995) (citation omitted).  "Recognizing that '[t]here will seldom be 'eyewitness' testimony as to the employer's mental processes,' the Supreme Court [has] held that evidence of the employer's discriminatory attitude in general is relevant and admissible to prove ... discrimination." *Id*. at 1480 (quoting *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983)).

After review of the *Waldron* counterclaim and the submissions of the parties, the Court finds that Defendant has failed to show that the testimony of Emerson, Lowe, Meacham, and/or Waldron cannot possibly be admissible in this case.  To the extent Defendant seeks to exclude the testimony of Emerson, Lowe, Meacham, and Waldron pursuant to Rules 401, 402 and 403, Defendant's Motion in Limine No. 1 is denied without prejudice to renew at trial.  However, the Court finds that Plaintiff has not made an adequate offer of proof for the Court to determine at this time to what extent the testimony may be admissible.  Plaintiff has not filed any declaration or other document indicating that any of the four witnesses are willing and able to testify in this case and

1    what specifically each of the witnesses would say if called to testify in this case.
2    Plaintiff's counsel filed a brief indicating generally what he "believes" the witnesses
3    would say, but counsel has failed to indicate the basis for his belief.  (ECF No. 195 at
4    9).  The parties are ordered not to reference the testimony of Emerson, Lowe, Meacham,
5    and/or Waldron in the presence of the jury without first obtaining leave of Court.  Prior
6    to admission of the testimony, the Court will require an offer of proof outside the
7    presence of the jury to determine the extent to which the testimony of Emerson, Lowe,
8    Meacham, and/or Waldron is relevant to the matters at issue in this case.  The parties
9    are granted leave to depose Emerson, Lowe, Meacham, and/or Waldron prior to and/or
10   during trial.

11         *B.     Plaintiff's Trial Witness List*

12         Defendant moves for an order requiring Plaintiff "to narrow his witness list to no
13   more than 15 individuals and to describe the subject matter for each witness."  (ECF
14   No. 106 at 2).  Defendant contends: "Plaintiff's list contains more witnesses than could
15   possibly be called in the 20 hours that he is permitted at trial.  Plaintiff's list of 23
16   expected witnesses is unrealistically long, even without considering the 24 witnesses
17   who may be called and the 4 that Plaintiff proposes to introduce by deposition."  (ECF
18   No. 106-1 at 11).  Plaintiff contends that "the Court, at the pretrial conference, allotted
19   twenty hours per party in trial time," and "[n]o further limitation is necessary."  (ECF
20   No. 144 at 4).

21         The Court has imposed time limitations on the parties' presentation of evidence,
22   as reflected in the Pretrial Order.  (ECF No. 189 at 32).  Based upon the record before
23   the Court, the Court declines to impose restrictions on the number of witnesses Plaintiff
24   may call within the Plaintiff's allotted time.  To the extent Defendant seeks to limit
25   Plaintiff's trial witness list, Defendant's Motion in Limine No. 1 is denied.

26         *C.     Deposition and Arbitration Transcripts*

27         In Motion in Limine No. 1, filed January 6, 2014, Defendant moved for an order
28   "precluding [Plaintiff] from introducing any portion of the arbitration transcript or any

deposition testimony pursuant to Rule 32 at trial until he has identified the particular testimony that he plans to use and [Defendant] has had an opportunity to respond as to the admissibility thereof." (ECF No. 106 at 2). On February 27, 2014, Defendant filed "Objections to Plaintiff's Untimely Designation of Deposition and Arbitration Testimony To Be Offered at Trial." (ECF No. 198). Defendant asserts that, on February 20, 2014, Plaintiff "for the first time [informed Defendant of Plaintiff's] specific deposition testimony designations for the following witnesses: Andy Saperstein, Margaret Black-Scott, Douglas Ireland, Dana Ritzcovan and Susan Dixon." (ECF No. 198-1 at 2). Defendant asserts that, on February 20, 2014, Plaintiff "for the first time [informed Defendant of Plaintiff's] specific deposition testimony designations for Kat Soutsantonis." *Id.* at 3. Defendant contends that the designations are untimely and should be excluded as a sanction pursuant to Federal Rule of Civil Procedure 37(c)(1). Defendant "also objects to the introduction of any deposition testimony of Margaret Black-Scott, Susan Dixon, and Douglas Ireland. These witnesses are not parties and there is no demonstration that they are unavailable for trial." (ECF No. 198 at 3). Defendant also makes specific objections to Plaintiff's designations of deposition transcripts. *See id.* at 4-13.

Plaintiff contends that his delay in designating deposition and arbitration transcript excerpts was caused by Defendant's failure to inform Plaintiff of which witnesses Defendant intended to produce at trial. (ECF No. 144 at 5). Plaintiff contends that Plaintiff timely disclosed each witness in Plaintiff's initial and pre-trial disclosures. (ECF No. 207 at 1). Plaintiff contends that he intended to call certain witnesses to testify at trial, but based upon a December 1, 2013 amendment to Federal Rule of Civil Procedure 45, Defendant took the position that "the witnesses, who are agents of and under the control of the Defendant, will not be available and are not under the jurisdiction of this Court." *Id.* at 3. Plaintiff asserts that he "decided to designate deposition transcripts and forego further law and motion battles," and the "timing of the notice was justified, given the change in Rule 45 and the good faith attempt to obtain

the Defendant's representation that the witnesses would be made available." *Id*. at 3-4.

To the extent Plaintiff's designations were untimely, the Court finds that the untimeliness was harmless and the deposition testimony should not be excluded pursuant to Federal Rule of Civil Procedure 37(c)(1). At a later time, the Court will consider Defendant's specific objections to Plaintiff's designations and whether Plaintiff has laid an adequate foundation for the admissibility of the deposition testimony of Margaret Black-Scott, Susan Dixon, and Douglas Ireland. To the extent Defendant's Motion in Limine No. 1 seeks to exclude any portion of the deposition and arbitration transcripts, the motion is denied without prejudice to object to specific transcript testimony at a later hearing or at trial. No later than March 10, 2014 at noon, the parties shall file—and deliver to the Court a courtesy copy of—any deposition and/or arbitration transcript(s) that the party intends to offer at trial in its case in chief.[3]

### III.   Plaintiff's Motion in Limine #11 to Preclude Cross Examination of Scott Wilson by Defense Counsel  (ECF No. 124)

Plaintiff moves the Court for "an order in limine precluding the examination of witness [Scott] Wilson by Defendant's counsel. Plaintiff moves ... on the basis that Defendant's counsel either represents or has represented Mr. Wilson and Defendant MSSB in another currently pending case." (ECF No. 124 at 1). Plaintiff asserts that Wilson is a former employee of Defendant who was terminated by Defendant for being untruthful in a human resources investigation, and Wilson and Defendant are co-defendants in a separate pending sexual harassment case. Plaintiff states that "Wilson may be called as a witness by Plaintiff," and Plaintiff contends that a conflict of interest prevents Defendant's counsel from cross-examining Wilson in this case because counsel for Defendant "initially represented Mr. Wilson in the still active sexual harassment case." *Id*. at 2. Plaintiff contends that the conflict of interest may "cause the obstruction of the orderly administration of justice in regard to this case," because "[t]he Defendant's counsel's cross examination of Mr. Wilson will cause a trial within

---

[3] This ruling does not apply to transcript testimony offered for impeachment or rebuttal.

a trial in terms of the propriety of the questions being asked of Mr. Wilson." (ECF No. 167 at 5, 9). Plaintiff submits a declaration of counsel accompanied by exhibits. (ECF No. 205).

Defendant contends that Plaintiff lacks standing to assert a conflict of interest between Wilson and Defendant's counsel, and that no conflict of interest exists. Defendant contends that "Wilson lacks a confidentiality interest in any of the information that MSSB's counsel may have gained from its former joint representation of Wilson," because Wilson knew at all times that any confidential information in the former representation would be shared with Defendant. (ECF No. 155 at 5). Defendant contends that "there is no indication that any information provided by Wilson to MSSB's counsel would be used against him in cross-examination here," and, "in any event, Wilson gave informed written consent that waives the alleged conflict." *Id*. Defendant has filed declarations from Defendant's counsel and exhibits in support of its opposition to Plaintiff's Motion in Limine #11. (ECF Nos. 155-1, 196). Defendant's counsel asserts that her conversations with Wilson "did not relate to allegations of religious discrimination, to Mr. Ferrante, to the termination of Mr. Wilson, to Doug Kentfield, or to John Simmons except regarding statements about the possible opening of a branch office in Escondido." (ECF No. 196 at 3). Defendant's counsel asserts that Wilson is no longer a party in the pending sexual harassment action.

"As a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification." *Kasza v. Browner*, 133 F.3d 1159, 1171 (9th Cir. 1998) (quotation omitted); *see also S.E.C. v. King Chuen Tang*, 831 F. Supp. 2d 1130, 1142 (N.D. Cal. 2011) (stating that the general rule is that "only a current or former client of an attorney has standing to complain of that attorney's representation of interests adverse to that current or former client"). "[A]n exception to the general rule [exists] where the ethical breach so infects the litigation in which disqualification is sought that it impacts the moving party's interest in a just and lawful determination of her claims." *King Chuen Tang*, 831 F. Supp. 2d at 1142

(quotation omitted).  "[I]n such a case the prudential barrier to litigating the rights and claims of third parties would be overcome by the court's inherent obligation to manage the conduct of attorneys who appear before it and to ensure the fair administration of justice." *Id*. (quotation omitted).

"In successive representation cases, ... the party seeking to disqualify the attorney must show a substantial relationship between the two representations." *Montgomery v. Superior Court*, 186 Cal. App. 4th 1051, 1056 (2010).  "Where the requisite substantial relationship between the subjects of the prior and the current representations can be demonstrated, access to confidential information by the attorney in the course of the first representation (relevant, by definition, to the second representation) is *presumed* and disqualification of the attorney's representation of the second client is mandatory." *Id*. (quotation omitted).

After reviewing the submissions of the parties, the Court finds that Plaintiff has failed to make an adequate showing that any potential questioning of Wilson by Defendant's counsel in this case would present an "ethical breach [that] so infects the litigation ... that it impacts [Plaintiff]'s interest in a just and lawful determination of [his] claims." *King Chuen Tang*, 831 F. Supp. 2d at 1142 (quotation omitted). Accordingly, the Court finds that Plaintiff has failed to demonstrate that he has standing to object to the purported conflict of interest between Defendant's counsel and Wilson. Even if Plaintiff did have standing, Plaintiff has failed to demonstrate that there is a substantial relationship between Plaintiff's case and the sexual harassment action. Plaintiff's Motion in Limine #11 is denied without prejudice to renew at trial, if appropriate.

## CONCLUSION

IT IS HEREBY ORDERED that (1) Defendant's Motion in Limine No. 8 to Preclude Evidence Offered in Support of Purported Claims for Harassment, Retaliation, and Failure to Prevent Harassment, Discrimination, or Retaliation (ECF No. 119) is DENIED without prejudice to the extent Defendant seeks to preclude evidence, and

Case 3:11-cv-02889-WQH-MDD  Document 208  Filed 03/06/14  PageID.6325  Page 22 of 22

GRANTED to the extent Defendant seeks to preclude Plaintiff from asserting purported claims for harassment, retaliation, or failure to prevent harassment, discrimination or retaliation; (2) Defendant's Motion in Limine No. 1 Re: Plaintiff's Improper Witness Disclosures (ECF No. 106) is DENIED without prejudice, as discussed above; and (3) Plaintiff's Motion in Limine #11 to Preclude Cross Examination of Scott Wilson by Defense Counsel (ECF No. 124) is DENIED without prejudice.

No later than March 10, 2014 at noon, the parties shall file—and deliver to the Court a courtesy copy of—any deposition and/or arbitration transcript(s) that the party intends to offer at trial in its case in chief.  The parties are granted leave to depose Emerson, Lowe, Meacham, and/or Waldron prior to and/or during trial.

DATED:  March 6, 2014

**WILLIAM Q. HAYES**
United States District Judge

- 22 -                                          11cv2889-WQH-MDD